Broadwater v. Foxworthy.

---

LYDIA BROADWATER V. JEFFERSON H. FOXWORTHY
ET AL.

FILED JANUARY 19, 1899. No. 8638

1. **Review: Record: Testimony: Trial.** An objection that no testimony was received on the hearing in the trial court must be overruled where the record shows the hearing was in the nature

of a trial, and' that evidence, and all that was offered, was received.

2. ——: QUESTIONS NOT RAISED BELOW. The general rule is that objections not made in the trial court, but raised for the first time in the appellate court, will not be considered.

3. ——: ——. Certain objections in the present case made for the first time in this court *held* to be within the general rule just stated.

4. **Order Refusing to Satisfy Judgment:** REVIVOR: RES JUDICATA. A motion was made to discharge of record a judgment, for the reason it had been satisfied, and the motion on hearing was overruled. To a subsequent application to revive the judgment which had become dormant the satisfaction was interposed as a cause why the revivor should not be ordered. *Held*, That its adjudication on the hearing of the former motion was conclusive, and not open to further litigation.

. 5. **Review:** PROCEEDINGS DURING TRIAL: MOTION FOR NEW TRIAL. A petition in error does not present to this court for review the proceedings during a trial in a district court, if in the trial court there was no motion for a new trial and a ruling thereon.

ERROR from the district court of Lancaster county. Tried below before HOLMES, J. *Affirmed.*

*Burr & Burr*, for plaintiff in error.

*Webster, Rose & Fisherdick, contra.*

HARRISON, C. J.

On March 12, 1884, there was rendered in the district court of Lancaster county a judgment for the defendants in a replevin action as follows: "It is now by the court considered and adjudged that said defendants have a return of the property taken by said plaintiff on the writ of replevin herein named in the verdict of the jury herein, 'to-wit, one brown mare, one two-horse wagon, and one double harness, and that in case a return of said property cannot be had, that the defendants have and recover of and from the said plaintiff Lydia Broadwater the sum of $140, the value of defendants' possession of said property as found by said jury." On May 8, 1889, a motion was

filed for the plaintiff that defendants be required to show
cause why the judgment should not be discharged of
record. The parties appeared and proofs by affidavit
were made, and on hearing the motion to discharge the
judgment was denied. This was of date June 24, 1889.
In the affidavit filed by plaintiff appeared the following
statement as the reason for the requested discharge of
the judgment: "And this affiant further says that after-
ward and on or about 12th day of March, 1884, one Al
Masterman, then a duly authorized and acting deputy to
the sheriff of said county of Lancaster, did, by virtue of
said judgment entered in said case, take from this plain-
tiff the above described property, to-wit, one brown
mare, one two-horse wagon, and one double harness, and
that afterwards said Al Masterman, in his official ca-
pacity, did turn over to the defendants herein the above
described property, thereby fully satisfying and paying
the above named judgment." March 4, 1896, Jefferson
H. Foxworthy filed a petition, the object and purpose of
which was to obtain a revivor of the judgment. The peti-
tion was in part as follows: "Comes now Jefferson H.
Foxworthy, one of the defendants herein, and shows the
court that the judgment in favor of said defendants and
against plaintiff rendered in this court on March 12, 1884,
for the sum of $140, interest, and costs taxed at $34.20,
that the judgment and costs is wholly unpaid, except
the sum of $5.30 costs paid December 24, 1890. No exe-
cution has ever been issued on said judgment and the
same has become dormant." An answer was filed, of a
portion of which the following is a copy: "And this
respondent and plaintiff further alleges that afterwards,
and on or about the 12th day of March, 1884, one Al
Masterman, then a duly authorized and acting constable
of said county of Lancaster and also duly authorized
and acting for and on behalf of said defendants and their
mortgagor, the husband of plaintiff, did, by virtue of
said judgment rendered in said action and said employ-
ment aforesaid, take from the plaintiff the above de-

scribed property, to-wit, one brown mare, one two-horse wagon, and one double harness, and that afterwards the said Al Masterman, as constable aforesaid, and by virtue of his employment aforesaid, did turn over and return to said defendants herein the above described property, and thereby the said defendants did have a return of the property taken on said writ of replevin, and said judgment was thereby fully satisfied and complied with. And this respondent and plaintiff further says that the real owner or mortgagor of said property, to-wit, one brown mare, one two-horse wagon, and one double set of harness, at said time, was the husband of this plaintiff and respondent, Henry Broadwater. And the said Foxworthy & Son were his attorneys, and said property was turned over to the said husband by the said Foxworthy & Son, and the said husband as mortgagor took said property and moved out of the state of Nebraska, with the same, with the knowledge and consent and agreement of the said Foxworthy & Son, attorneys for said husband, as aforesaid. And the said defendants then and at that time did have a return of said property, and a return of said property was had in said action and judgment in accordance with the terms of said judgment, and the said judgment is fully paid, satisfied, and should be discharged, together with all costs thereof as taxed therein against this respondent and plaintiff." There was a reply in which it was alleged: "The matters averred by plaintiff have been heard, determined, and concluded by the former adjudication of this court in this cause, and plaintiff is barred from further asserting or agitating the same because for that May 8, 1889, plaintiff in writing filed in this cause her certain motion to satisfy and discharge the judgment herein upon the same identical grounds set up and averred in her present answer herein filed March 22, 1896, and these defendants joined issue thereon and the same was fully heard before this court, the Honorable Allen W. Field, then judge of this court, presiding, and after argument and full con-

sideration of all the facts and evidence the issues so joined were found in favor of these defendants and against the plaintiff, and in consideration and judgment of this court the said motion was denied, to which finding and judgment plaintiff at the time excepted,—all of which matters appear of record in this cause and said judgment yet remains in this court, in nowise modified, appealed from, or reversed, as by the files of this cause, the dockets, and journal 'R' of this court, at pages 133, 290, and 380, will at large and more fully appear. (2.) And for further ground of defense herein, but not waiving the aforesaid bar of former adjudication, and insisting thereon, defendants deny that on or about March 12, 1884, or yet that at any time, said Al Masterman, or any other person, acting as constable, or as agent of these defendants or in any other capacity, did, by virtue of said judgment or otherwise, take said property from plaintiffs and return the same to defendants herein, or that defendants had return of said property, or that these defendants turned the same over to said Henry Broadwater, or yet that said Henry Broadwater removed the same from this state by or with consent of defendants." On the day of hearing, April 14, 1896, the plaintiff in error filed a demand for a jury. The court received such evidence as was offered, all in form of affidavits, and made the following findings and order: "This cause now comes on to be heard upon the petition of the defendant Jefferson H. Foxworthy to revive the judgment entered in this action on the 12th day of March, 1884, the answer of the plaintiff Lydia Broadwater to said petition and conditional order of revivor heretofore made, and the reply thereto, and is submitted to the court, on due consideration whereof, and the court being fully advised in the premises finds in favor of the defendants and against the plaintiff, and finds that the question of the satisfaction and payment of the judgment, as raised by the answer of the plaintiff upon the order to show cause herein, has been heretofore by this

court fully adjudicated and determined, and the motion of plaintiff to satisfy said judgment of record being denied by the court and adjudicated adversely to the plaintiff, and said order of the court standing unreversed and unappealed from, plaintiff cannot again be heard upon the questions of fact as raised by the answer herein, and it is by the court ordered that the demand of the plaintiff for a jury trial herein be, and the same hereby is, denied. It is therefore considered, ordered, and adjudged by the court that said judgment in favor of the defendants and against the said plaintiff stand revived for the sum of $140, with interest thereon at the rate of seven per cent per annum from the 12th day of March, 1884, together with the costs of said action as taxed against the plaintiff, and the accrued costs herein, taxed at $——. To all of which the plaintiff duly excepts." The matter is presented in this court for review.

It is argued that the court erred in not hearing evidence on the issues raised. To this it must be answered that it appears that evidence, and all that was offered, was received; hence this objection is of no avail.

Another point made in argument is that the application for revivor should have been by motion supported by affidavit and not by petition. This objection was not made in the trial court and cannot be for the first time raised in this. (*Eckland v. Willis*, 42 Neb. 737.) Furthermore, the petition was verified positively and would fill the requirements of an affidavit, and other affidavits, in which were embodied statements of the facts, were filed. There was nothing in the manner of procedure which, when attacked for the first time in this court, was a fatal defect. (*Wright v. Sweet*, 10 Neb. 190.)

It is also claimed that there was error in the proceedings, in that one of the defendants in the original action did not join or was not joined in the application to revive the judgment. This objection is made for the first time in this court. It was not presented in the trial court and will not be considered. (*Eckland v. Willis, supra.*)

A comparison of the statements of the affidavit, quoted herein and filed at the time of the motion to discharge the judgment of record, with the statements which we have copied of the answer filed to the application to revive, will disclose that the main and material fact alleged in each was the same,—*i. e.* that the property had been received, or taken from the one party and given to or returned to the others. Whether it was by "Al Masterman," as constable, as deputy sheriff, or as agent or employé of the parties, could make no difference. This being true, the material fact at issue was litigated and adjudicated on the hearing and determination of the motion to discharge the judgment, and could not be again placed in litigation between the same parties and in the same action. (*Reeves v. Plough*, 41 Ind. 204; *Mabry v. Henry*, 83 N. Car. 298; *Dwight v. St. John*, 25 N. Y. 203; *Furgeson v. Millender*, 32 W. Va. 30; *Greer v. Jones*, 54 Ga. 154; *Commissioners of Wilson County v. McIntosh*, 30 Kan. 234.)

There was, as we have before stated, a demand on behalf of plaintiff in error for a jury, and the refusal of this request is assigned as error. The application in this state for the revivor of a dormant judgment is to be by motion. (See Code of Civil Procedure, secs. 456-473.) And where on an order to show cause the debtor files affidavit in which it is stated that the judgment sought to be revived has been paid or satisfied, it raises an issue for hearing. (*Garrison v. Aultman*, 20 Neb. 311; *Reeves v. Plough*, *supra*.) The motion provided for by our Code and by statutory enactment in some other states is a substitute for the writ of *scire facias* to revive dormant judgments, and under the former the same relief may be obtained as under the latter. (Freeman, Executions sec. 95.) To a writ of *scire facias* for the revival of a dormant judgment a plea of payment or satisfaction of the judgment may be interposed, and the issue raised should be submitted to a jury (*Hartman v. Alden*, 34 N. J. Law 518; 5 Field's Lawyers' Briefs p. 277); but if it be conceded—and we do not decide the question—that there

should have been a regular trial of the issue of satisfaction of the judgment sought to be revived in this present proceeding, and not a mere summary hearing as upon other motions, then the question of the right of trial to a jury is not presented, for the reason there was no motion for a new trial in the district court; and if the proceeding is to be given the character contended for by the plaintiff in error, to obtain a review by petition in error to this court of proceedings in the trial court there must have been a motion for a new trial in that court and a ruling thereon. (*Jones v. Hayes*, 36 Neb. 526; *Koehler v. Summers*, 42 Neb. 330; *In re Van Sceiver*, 42 Neb. 772.) The order of the district court must be

AFFIRMED.