C. H. McCORMICK & BROTHER v. JAMES W. CAREY.

FILED JULY 10, 1901. No. 10,107.

Commissioner's opinion, Department No. 3.

1. **In Proceeding to Revive Judgment, Plea of Payment Admits Validity.** In a proceeding to revive a dormant judgment the defendant, by plea of payment, admits the validity of the judgment sought to be revived.

2. **Party Entitled to Jury.** On issue joined on such plea it is error for the court to deny a request of a party to the proceeding for a trial by jury.

ERROR from the district court for Cass county. Tried below before RAMSEY, J. *Reversed.*

*Harvey D. Travis, Henry H. Wilson* and *Ricketts & Ricketts,* for plaintiffs in error.

*Byron Clark, A. L. Timblin* and *C. A. Rawls, contra.*

ALBERT, C.

Two proceedings were instituted by plaintiffs in error in the county court of Cass county for the revivor of two judgments against the defendant in error. They were carried on appeal to the district court and there consolidated. The defense, when reduced to its simplest terms, is, first, that the court rendering the judgments had no jurisdiction over the defendant for want of service of process; second, that it had no jurisdiction to render the particular judgments, for the reason that C. H. McCormick & Bros. were named as plaintiffs in the petitions, and in the summons and in the judgments C. H. McCormick & Bro. were named as plaintiffs; third, that the judgments had been paid. Issue was duly joined, and the plaintiff demanded a trial by jury, which was denied by the court. Thereupon a trial was had to the court, which resulted in the following findings:

"1. That the petition in neither case supports the records of judgment in the county court.

"2. There was no legal service of summons made upon James W. Carey at his usual place of residence, at the time of the alleged service thereof, as set forth in the record in either case at bar.

"3. The competent evidence in the record is not sufficient to overcome presumptions of payment on either or both judgments from lapse of time.

"4. The burden of proof is upon the plaintiffs to show non-payment after the conditional order of revivor was issued in each case.

"5. The court finds generally upon all the issues in favor of the defendant James W. Carey."

Judgment in favor of the defendant was rendered on the findings, and the plaintiffs prosecute error to this court.

The errors assigned may all be grouped under two general heads, namely: The findings are not sustained by sufficient evidence and are contrary to law, and the denial of plaintiff's request for a trial by jury. By his plea of payment the defendant admits the validity of the judgments. Hence the first two findings of the court are outside the issues, and require no further notice. The remaining findings relate exclusively to the question of payment, and, from an examination of the record, we are not prepared to say that they are not sustained by sufficient evidence. There remains, therefore, but one question to be considered, and that is, whether the plaintiffs were entitled to a trial by jury.

The constitution provides that the right of trial by jury shall remain inviolate. Art. 1, sec. 6. This section preserves the right as it existed at the time of the adoption of the present constitution, neither enlarging nor curtailing it. *Sharmer v. McIntosh,* 43 Nebr., 509; *Omaha Fire Ins. Co. v. Thompson,* 50 Nebr., 580. Our first constitution contained a like provision, so that the right of trial by jury, secured by the constitution, is the right as it existed at common law. Hence the question presented is,

whether at common law the issues joined on a plea of payment in proceedings of this character were triable to a jury. Our proceeding to revive a dormant judgment is substantially the same as under the ancient writ of *scire facias*. At common law, the issues, in a proceeding of this character, were made up as in other civil actions. Of the modes of trial at common law it will be necessary to notice but two, for the others were never in use in this state. A trial by record was the proper mode when the existence of the record was directly put in issue by the plea of *nul tiel record*, and, for obvious reasons, such trial was to the court without a jury. Stephen, Pleading, sec. 96. The author just cited, at section 86 of the same work, says: "Every mode of trial except that by jury is of rare admissibility; being not only confined to a few questions of a certain nature, but in general also, if not universally, to such questions when arising in a certain form of issue. And to all issues not thus specially provided for, the trial by jury applies, as the ordinary and only legitimate method." It is clear that the question of payment is not one of the issues "specially provided for," and that at common law, to the issues in this case, the trial by jury would apply "as the ordinary and only legitimate method." 2 Tidd, Practice, 130 [*746] *et seq.* See, also, *Simpson v. Watson*, 15 Mo. App., 425; *Hartman v. Alden*, 34 N. J. Law, 518. In our opinion, the trial court erred in denying plaintiffs' request for a trial by jury, and we recommend that the judgment be reversed and the cause remanded for a new trial according to law.

DUFFIE and AMES, CC., concur.

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed and the cause remanded for a new trial according to law.

REVERSED AND REMANDED.