PETER HALMES, APPELLEE, V. GEORGE E. DOVEY ET AL., APPELLANTS.

FILED MARCH 5, 1902. No. 11,144.

Commissioner's opinion, Department No. 2.

1. **Judgment Creditor:** JUDGMENT: EXECUTION. The right of a judgment creditor to take out an execution on his judgment, is a substantial right; and this right can only be taken away or suspended by some act, suit or proceeding for this purpose in compliance with law.

2. **Judgment Lien: STATUTE: EXECUTION.** A judgment lien is created by statute, and is destroyed by statute if its provisions requiring the taking out of an execution are not complied with.

3. **Dormant Judgment: REVIVOR: LIEN.** When a dormant judgment is revived, it will operate as a lien only on the real estate which the judgment debtor may own at the time of the revivor.

APPEAL from the district court for Cass county. Heard below before RAMSEY, J. *Affirmed.*

*A. N. Sullivan,* for appellants.

*Byron Clark* and *C. A. Rawls, contra.*

OLDHAM, C.

This action was begun in the district court of Cass county on the 13th day of August, 1898, by Peter Halmes, for the purpose of restraining the sheriff of Cass county from levying an execution on certain real estate belonging to said Halmes. George E. Dovey, the judgment creditor, was also made a party defendant. The material facts, as appear by the record, are that on April 9, 1888, said George E. Dovey recovered a judgment in the district court of Cass county against one Thomas for the sum of $1,780.95. At the time of the rendition of the judgment, Thomas was the owner of the real estate involved in this controversy, but conveyed the same by deed to one Nicholas Halmes on July 17, 1888. On July 21, 1888, Dovey took out an execution on this judgment, and levied on some personalty, but did not levy on the real estate. On July 9, 1891, an alias execution was issued, on which, according to the testimony of the clerk of the court, there was made no return thereof. These were the only executions issued on this judgment until July 7, 1898, when the execution was issued which is the subject of this action. In the meantime, viz., on or about June 16, 1898, Dovey procured a revivor of this judgment, which, according to his own theory, had become dormant. The petition alleges and the evidence shows that on July 14, 1896, said Peter Halmes acquired the legal title

to this real estate by a deeded conveyance from Nicholas Halmes. In fact, this is conceded; but Dovey claims that by reason of the fact that there was a suit begun on April 3, 1893, by said Nicholas Halmes against said Dovey for specific performance of an alleged contract concerning this land, which suit was not terminated until April 15, 1898, that his right to issue execution was suspended during the pendency of this action, and that the judgment did not become dormant in fact, and he had not, therefore, lost his judgment lien on said land. This contention was tried, and the court found in favor of Halmes and rendered a decree perpetually enjoining the levy of an execution on said lands to satisfy said judgment. From this decree, Dovey appeals to this court.

The main question presented, then, is, was the right of Dovey to take out an execution on his judgment against Thomas suspended during the pendency of the action for specific performance brought by Nicholas Halmes against Dovey? In that suit Thomas was not a party. The validity of the judgment of Dovey against Thomas was not assailed. Dovey was not restrained from taking out an execution. There was no attempt made by this action to prevent Dovey from collecting his judgment from Thomas. The object of the suit was for the sole purpose of compelling Dovey to release his judgment lien on this land by reason of an alleged contract to do so. It was heard by the district court for Cass county, and a decree was rendered therein by the court on September 4, 1894, dismissing the petition of Nicholas Halmes "for want of equity and a failure to prove allegations therein." It was appealed to this court, but the record fails to show any supersedeas bond. So whatever may have been its effect before trial, it is certain that after the date of the trial Dovey was not embarrassed in any way by its pendency. The right to have an execution issued is a valuable right, for this is the only means provided by law to enforce the judgment. This right can only be taken away by some act done in compliance with law. It can never be taken away by anything

less. Neither can the failure to take out an execution be excused on the ground that the judgment creditor believed that his right thereto was suspended, unless by law it actually was suspended. From the statement of the above facts, it is clearly apparent that Dovey at all times had the right to take out an execution on his judgment against Thomas, and that the right to do so was not suspended by that action.

It is suggested by counsel for Dovey that there was an execution issued on March 25, 1893, which should be considered. On an examination of the execution, we find that it recites that George E. Dovey is the plaintiff, and the same Thomas defendant, but it purports to be issued on a judgment obtained on December 31, 1892, for the sum of $1,308.47. It is obvious that this execution was not issued on the judgment involved in this controversy. Among the requisites of a valid execution, as laid down by Mr. Herman, section 55, are that it must state the name of the court from which it was issued, the name of the county wherein the judgment was rendered, the amount of the judgment, and the time of its rendition. But however this may be, the record shows that more than five years had elapsed from the date of this execution at the time of the revivor. The judgment lien is created by statute, and is destroyed by statute if an execution thereon is not taken out within five years from the date of the judgment, or if five years shall have intervened between the date of the last execution issued on such judgment and the time of taking out of another execution thereon. If execution is not taken out in the time limited by the statute, the judgment becomes dormant, and the judgment lien is destroyed. This dormant judgment may be revived, but when so revived it will operate as a lien only on the real estate which the judgment debtor may own at the time of the revivor. Hence we conclude that the lands of Peter Halmes, as set forth in this petition, are not subject to a judgment lien, and are not holden for the payment of this judgment, and that the decree of the court below is clearly right and should be affirmed.

We recommend that the judgment of the district court be affirmed.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.