## THEODORE H. FARAK V. FIRST NATIONAL BANK OF SCHUYLER.

### FILED FEBRUARY 4, 1903.   No. 12,469.

Commissioner's opinion.   Department No. 2.

1. **Dormant Judgment:** REVIVOR: PLEA OF PAYMENT: REPLY: JURY In a proceeding to revive a dormant judgment, ·where the defendant pleads facts which amount to a payment and satisfaction, and plaintiff joins issue by a reply, it is error for the court to deny a request for a trial by jury. *McCormick v. Carey,* 62 Nebr., 494.

2. **Attachment Will Not Lie.** An attachment will not lie in such a proceeding.

ERROR from the district court for Colfax county. Proceeding to revive dormant judgment. Plea of payment. Issue joined. Request for jury trial denied by court. Tried below before GRIMISON, J. Order of revivor. *Reversed.*

Mesne process of attachment issued on application of judgment creditor. Motion to dissolve attachment. Heard below before GRIMISON, J. Motion overruled. *Reversed.*

The questions involved in this case were: 1. The right to a trial by jury upon a question of fact involved in determining the right to the revival of a dormant judgment. 2. The right to a mesne process of attachment hinged upon the question: Is a proceeding to revive a judgment the commencement of a new, or the continuation of an old action?

*Frank J. Everett* and *George W. Wertz,* for plaintiff in error.

*George H. Thomas, contra.*

BARNES, C.

On the 28th day of December, 1899, the First National Bank of Schuyler filed its motion or petition in the nature

Syllabus by court; catch-words by editor.

of an affidavit in the district court for Colfax county to re-
vive a certain judgment against Theodore Farak, setting
forth therein, in substance, that on the 8th day of June,
1893, it duly recovered a judgment against the defendant
in a justice court of said county for the sum of $69.85 and
costs of suit, taxed at $1.20; that a duly certified transcript
of the judgment was filed, docketed and indexed in the
office of the clerk of the district court for Colfax county on
the 10th day of May, 1899; that an execution was issued on
said judgment on the 25th day of August, 1893, which,
on the 12th day of September of that year, was returned
wholly unsatisfied; that the said judgment was wholly un-
paid and unsatisfied, except the sum of $10, which was
paid thereon on the 14th day of April, 1896; that more than
five years had elapsed since the judgment was rendered
and since an execution was issued thereon; that the judg-
ment had become dormant by reason of said lapse of time.
The plaintiff, therefore, prayed the court that the judg-
ment be revived against the defendant, Theodore Farak,
for the amount due thereon. The plaintiff also filed an
affidavit for an attachment in said proceeding, and the
writ was issued and levied upon a lot in the city of Schuy-
ler, in said county. A conditional order of revivor was
issued and served upon the defendant, who appeared, filed
his answer and objections to the application and also a
motion to dissolve the attachment, which was overruled,
and to which ruling the defendant excepted. His answer
and objection to the revivor of the judgment was in sub-
stance as follows: The defendant objects to the revivor
of the judgment rendered in the above-entitled action on
the 8th day of June, 1893, for the following reasons: At
and after the time of the rendition of the judgment herein,
this defendant claimed that said judgment had been il-
legally and wrongfully obtained, and had been obtained
without service of summons upon him, and without any
appearance on his part therein, and that said judgment
was void. The defendant further alleged that he informed
the plaintiff of said facts after the rendition of the said

judgment, and represented to the plaintiff that said judgment was void, and that he would contest the legality thereof and would contest and resist any execution levied thereunder, and would not pay the same, but would begin legal proceedings to set aside said judgment; that in order to avoid litigation as to said judgment, and as a compromise of the matter and for a valid consideration, plaintiff agreed with the defendant that if the defendant would execute and deliver to it his three certain negotiable promissory notes for the sum of $10 each, the plaintiff would accept and receive them in full settlement of any and all claims under and by virtue of said judgment; that in pursuance of said agreement the defendant, on the 3d day of May, 1895, executed and delivered to plaintiff his three certain negotiable promissory notes for the sum of $10 each in full payment, accord, settlement and satisfaction of said judgment, and said plaintiff then and there agreed to accept and receive, and did accept and receive, said notes in full settlement, satisfaction and payment of said claim, and that said judgment is ful'y satisfied, paid and settled; that the defendant, on the 14th day of April, 1895, paid to the plaintiff the amount due upon one of the said notes, amounting to the sum of $10, and received said note from said plaintiff, and said plaintiff still retains the other two notes so executed and delivered to it as aforesaid, and has never at any time returned or offered to return said notes to this defendant; that plaintiff, by reason of the above-recited facts, is estopped to claim anything by reason of said judgment. The defendant denied that he ever paid $10 or any other sum on said judgment, and alleged that any credit given him on said judgment, or any payment indorsed thereon, was made and done without his knowledge or consent. He further alleged "that on the 25th day of November, 1899, and prior to the commencement of this proceeding, this defendant tendered, in lawful money of the United States, and offered to pay to the plaintiff, in liquidation and satisfaction of the two promissory notes described in the objections (being two notes

36

executed and delivered by defendant to plaintiff on or about May 3, 1895, and on said November 25, 1899, being still unpaid), the sum of $33, and then and there demanded of plaintiff that it receive the sum in payment of said notes; and plaintiff then and there refused to accept or receive said sum." The plaintiff thereupon joined issue by filing a reply in the nature of a general denial of the facts stated in the answer. The issues of fact, having been thus formed, and the action being ready for trial, the defendant filed his application and demand in writing for a jury trial of said issues of fact, which motion and demand was overruled and denied by the court, to which the defendant duly excepted. At the following term of court, the case came on for hearing and was tried by the court, who found on the issues joined against the defendant and rendered a judgment of revivor against him, sustained the attachment and ordered the property seized thereunder sold; to all of which the defendant duly excepted. A motion for a new trial was filed and overruled. Exceptions were taken, and the case was brought to this court by the defendant by a petition in error. The defendant in the court below will hereafter be called the plaintiff, and the plaintiff therein the defendant.

1. Plaintiff contends, among other things, that the court erred in overruling his motion, and refusing his written demand and request for a jury to try the issues of fact made by the pleadings. We take up this question first because a determination of it will dispose of the case, and render it unnecessary to consider the numerous other assignments of error contained in the plaintiff's petition.

A proceeding to revive a dormant judgment partakes of the nature of a civil action. It is not the commencement of a new action, but the continuation of an action previously commenced. *Bankers' Life Ins. Co. v. Robbins*, 59 Nebr., 170. Where a person is summoned to show cause why a dormant judgment should not be revived against him, he may interpose any suitable defense thereto, and he may show by affidavit or answer that it has in fact been

settled and paid. In case he makes such defense, it is error for the court to render a final order of revivor against him without hearing testimony as to such payment or satisfaction. "There being a presumption in favor of such payment and satisfaction, the burden of proof is on the judgment plaintiff to show that the judgment is unsatisfied." *Garrison v. Aultman & Co.,* 20 Nebr., 311; *Boyd v. Furnas,* 37 Nebr., 387, 390; *Broadwater v. Foxworthy,* 57 Nebr., 406; *Wittstruck v. Temple,* 58 Nebr., 17.

The plaintiff herein, by his answer and affidavit, stated facts which, if true, would constitute a complete defense to any order of revivor against him. In fact, if he had established these matters of defense to the satisfaction of the court, he would have been entitled to an order canceling and discharging the judgment of record. *Manker v. Sine,* 47 Nebr., 736.

The defendant having joined issue upon these facts by its reply, it was the duty of the court to proceed to the trial of the issue in the same manner as it would conduct the trial of an ordinary civil action, and the parties thereto would be entitled to the same rights which should be accorded to them on such a trial. Article 1, section 6, of the constitution of this state, provides: "The right of trial by jury shall remain inviolate." In the case of *McCormick v. Carey,* 62 Nebr., 494, where this question was directly involved, Commissioner ALBERT in the opinion says (p. 496) : "Every mode of trial except that by jury is of rare admissibility; being not only confined to a few questions of a certain nature, but in general also, if not universally, to such questions when arising in a certain form of issue. And to all issues not thus specially provided for, the trial by jury applies, as the ordinary and only legitimate method."

The issues in this case were properly triable by a jury, and the court erred in overruling the plaintiff's demand therefor. *McCormick v. Carey, supra; Simpson v. Watson,* 15 Mo. App., 425; *Hartman v. Alden,* 34 N. J. Law [5 Vroom], 518.

Farak v. First Nat. Bank of Schuyler.

It is contended, however, by the defendant, that plaintiff waived his right to a jury trial, and therefore is not entitled to urge that objection here.  It is insisted that because the plaintiff went to trial at a term of court subsequent to the one at which his demand for a jury was made without renewing such demand, he waived his right to complain of that matter in this court.  We can not agree with this contention.  The plaintiff having, at a proper and suitable time, made his demand in writing for a jury, and the court having denied the same, to which ruling he duly excepted, he was not required to renew such demand.  He could safely rely upon his record as made and take advantage of it at any subsequent stage of the case.  We therefore hold that for refusing the plaintiff a jury trial in this case the court erred, and the judgment must be reversed.

2.  Plaintiff insists that the court erred in overruling his motion to dissolve the attachment, and contends that an attachment in a proceeding to revive a dormant judgment will not lie.  This question ought to be determined, so that in case of another trial the court may be advised as to what order should be made in relation to the attachment.

The right to an attachment is a statutory one.  There are many cases in which the legislature might authorize an attachment, but has not done so.  It is universally held that such statutes will be strictly construed, and in doubtful cases the right to the writ will not be extended.  The language of the statute, "in a civil action for the recovery of money,"* will not include proceedings to revive a dormant judgment.  This is a statutory proceeding, not for the purpose of recovering money, but for the purpose of restoring the judgment.  If the right should exist in such actions, which seems reasonable, it is for the legislature to so provide.  The court, therefore, erred in overruling the motion to dissolve the attachment.

For these errors we recommend that the judgment of the district court be reversed.

OLDHAM and POUND, CC., concur.

* Cobbey's Annotated Code of Civil Procedure, sec. 1171 (198) and note.

By the Court:   For the reasons stated in the foregoing opinion, the judgment of the district court is reversed, and the cause is remanded for further proceedings.

REVERSED AND REMANDED.

N. B.—Discrepancy as to dates on pages 464 and 465 accords with record below.