EDMUND JOHNSON, APPELLANT, V. JUDSON CARPENTER, APPELLEE.

FILED JUNE 20, 1906.   No. 14,363.

1. **Process:** IMPEACHMENT OF RETURN. Under the provisions of section 370 of the code, affidavits are admissible in evidence to impeach the return of an officer to the service of a summons in proceedings for revivor.

2. ———: ———. The return of an officer to the service of a summons in the original action. may be impeached in a proceeding to revive the judgment.

APPEAL from the district court for Butler county: BENJAMIN F. GOOD, JUDGE. *Reversed.*

*W. T. Thompson,* for appellant.

*Matt Miller, contra.*

OLDHAM, C.

This was a proceeding to revive, on motion and affidavit, a judgment entered in the county court of Butler county,

7

Nebraska, in a cause within the jurisdiction of a justice of· the peace, in which Judson Carpenter was plaintiff and Ed. Johnson, defendant. The suit was on an open account, and was instituted on the 6th day of November, 1891. Summons was returned on November 13, 1891, showing that it had been served on defendant, "by leaving at his usual place of residence, the within named defendant, a certified copy of this summons and all the indorsements thereon." Defendant failed to appear, and judgment by. default was entered against him on November 24, 1891. On July 10, 1900, a motion and affidavit for a conditional order of revivor was filed by the plaintiff in the county court of Butler county, and on this motion and affidavit it was ordered by the court that the judgment be revived unless sufficient cause should be shown by defendant against the revivor. Notice of this proceeding was served on the defendant in Merrick county, Nebraska, by the sheriff of that county, and on the 23d day of August, 1900, defendant appeared specially for the purpose of challenging the jurisdiction of the court, for the reason that the real and true name of the defendant was Edmund Johnson, and not Ed. Johnson, and for the further reason that the county court of Butler county never had any jurisdiction over the defendant to enable it to pronounce any valid judgment against him, because no summons was ever· legally served upon the defendant at his usual place of residence, or at any other place. In support of this motion defendant filed affidavits tending to show that he had removed from Butler county, on the 29th of October, 1891, and had established a residence at Beaver Crossing, in Seward county, Nebraska, and was residing there at the time the summons was left at his former place of residence in Butler county. Several affidavits were filed in support of this allegation. Plaintiff filed three counter-affidavits, but none of these went further than to show that the service of summons had been had at the place where defendant resided in Butler county, and there was no traverse of the defendant's allegation that he had sold his place in

Butler county, and had removed with all his household goods to Seward county eight or ten days before the summons was attempted to be served. The county court, however, overruled the objections of the defendant and entered an order reviving the judgment. To reverse this judgment of the county court defendant prosecuted his petition in error to the district court for Butler county, where, on a hearing by the court, the judgment of the county court was affirmed and the petition in error dismissed. To reverse this judgment defendant appeals to this court.

It is conceded that, from the showing made in the affidavits, defendant was not a resident of Butler county at the time the summons was attempted to be served, but the contention is that proof of the failure of service of process can not be made on *ex parte* affidavits. It is not necessary to determine whether or not this objection was waived in the county court by filing counter-affidavits on behalf of the plaintiff, as we think that the provisions of section 370 of the code are sufficient to permit the use of affidavits either in attacking or in supporting the return of an officer on a summons in a proceeding for revivor. This section provides: "An affidavit may be used to verify a pleading, to prove the service of a summons, notice, or other process, in an action, to obtain a provisional remedy, an examination of a witness, a stay of proceedings, or upon a motion, and in any other case permitted by law." In *Walker v. Lutz*, 14 Neb. 274, the return of a sheriff to a summons that he had served it by leaving a copy at the defendant's usual place of residence was attacked by defendant in a motion challenging the jurisdiction of the court. The motion was supported by affidavits and sustained by the district court. The judgment of the district court was affirmed, and the principle announced that "a sheriff's return to a summons that he served it by leaving a copy at the defendant's usual place of residence is not conclusive as to the fact of residence, but the defendant may show that the place where the copy was left was not

at the time his residence." In this case the only evidence offered to challenge the jurisdiction of the court was in the form of affidavits, and it was held sufficient to support the judgment of the trial court. We have also held that, in a revivor proceeding, the defendant may dispute the return of the officer by showing that the original summons was not served at his usual place of abode. *Haynes v. Aultman, Miller & Co.*, 36 Neb. 257; *Enewold v. Olsen*, 39 Neb. 59; *Wittstruck v. Temple*, 58 Neb. 16. It follows from what has been said that the affidavits filed in support of the special appearance were competent evidence as to defendant's place of residence at the time the summons was attempted to be served, and that he was entitled to show in the revivor proceeding the invalidity of the original judgment for want of jurisdiction over the person of the defendant.

We therefore recommend that the judgment of the district court dismissing the petition. in error be reversed and the cause be remanded for further proceedings.

AMES and EPPERSON, CC., concur.

By the Court: For the reasons given in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause be remanded for further proceedings.

REVERSED.