WILLIAM D. LASHMETT, APPELLEE, v. JOHN PRALL, APPELLANT.

FILED MARCH 5, 1909.    No. 15,537.

1. **Judgment: RES JUDICATA.** Where in a suit in the nature of a creditor's bill it appeared that the judgment creditor was indebted to the judgment defendant upon a promissory note in an amount equal to or greater than the amount of the judgment, and his petition was dismissed on the ground that being so indebted he suffered no injustice from the legal obstacles which he sought to remove, such dismissal does not operate to satisfy the judgment.

2. ——: **REVIVOR: DEFENSES.** In a proceeding to revive a dormant judgment by motion, the judgment debtor cannot plead as a defense to such motion an independent cause of action existing in his favor against the judgment creditor.

APPEAL from the district court for Valley county: JAMES R. HANNA, JUDGE. *Affirmed.*

*O. A. Abbott,* for appellant.

*A. M. Robbins* and *C. I. Bragg, contra.*

CALKINS, C.

This was an application to revive a judgment which had become dormant. It appears that, after the recovery of the judgment, a transcript thereof was filed in Loup county, where the plaintiff prosecuted a suit in the nature of a creditor's bill to set aside certain transfers of land which it was alleged the defendant had made without consideration and in fraud of the rights of the plaintiff as a judgment creditor. In such action the defendant interposed the defense that the plaintiff was indebted to him

upon a promissory note for a sum exceeding the amount of such judgment. The district court found for the plaintiff, and the case was brought here, where it was held in an opinion by AMES, C. (2 Neb. (Unof.) 284), that, since the plaintiff was indebted to defendant in a sum equal to or greater than the amount of the judgment, the legal obstacles which he was invoking the aid of a court of equity to remove were inflicting no injustice upon him, and he was not therefore entitled to any relief. The judgment of the district court was thereupon reversed and the action dismissed.

The proceedings of revivor in the instant case were begun in January, 1906, and the defendant, in response to an order to show cause why the judgment should not be revived, set up the proceedings and opinion in the former case, and alleged that the plaintiff was thereby estopped and precluded from alleging or proving that any amount was due plaintiff upon said judgment. There was no allegation in the answer that the note was still owned by defendant, nor that it remained unpaid; but the plaintiff, in a reply filed by him, alleged that more than five years had elapsed "since said pretended note has matured," and that no action had been commenced on the same. This reply, while admitting the proceedings in the former case both in the district and supreme courts practically as alleged in the answer, further set up that, after the filing of said opinion, the defendant filed and this court overruled a motion asking the court to amend and complete its judgment by setting off the amount due on the judgment held by plaintiff against the amount due on the note held by defendant, and render a judgment for the remainder, or, in case such relief be denied, that the cause be remanded with leave to file a petition on the note and have a trial at law. The district court found generally for the plaintiff, and entered an order reviving the judgment, from which the defendant appeals.

1. The defendant contends that the effect of the former decision of this court upon plaintiff's judgment was such

that the plaintiff may not claim any right or have any remedy upon such judgment until he shall show that his debt upon the note has been satisfied. To concede this would be to say that the judgment was conditionally satisfied, a status which, so far as we are advised, is unknown to the law. The former decision of this court did not determine that the existence of the indebtedness upon the note extinguished the judgment, nor that the defendant was entitled to set the same off against the plaintiff's claim under the judgment. In the opinion it was expressly said that the defendant was not seeking to set off his note against the judgment, and that the upholding of his defense left the judgment and whatever legal processes were provided for its enforcement unimpaired. Not only this, but the court upon an application made after filing the opinion, as we have seen, expressly refused to set off the amount due on the judgment against the amount due on the note, or even to remand the cause with leave to file a petition on the note and have a trial thereon at law.

2. The defenses which may be urged against a motion to revive a dormant judgment are not enumerated in the statute, but such motions are undoubtedly governed by the same principles as applied to the writ of *scire facias* when it was used at common law to revive judgments. The rule was that the only allowable pleas to a *scire facias* upon a judgment were: First, *nul tiel* record, under which the defendant might deny the existence of the original judgment or allege that it was entirely void; and, second, payment, including release, satisfaction or discharge of the original judgment. 1 Black, Judgments (2d ed.), sec. 493. Set-off and counterclaim was in no case available as a defense to such a proceeding, and no cases are cited to the effect that any different rule obtains where judgments are revived by motion. It matters not that the court by its former decision sustained the validity of the note, for, assuming the note to be a valid and existing obligation, the plaintiff would not be entitled to plead it as a defense to a motion to revive the judgment.

We therefore recommend that the judgment of the district court be affirmed.

DUFFIE, EPPERSON and GOOD, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.