MOUSEL LAW FIRM, P.C., A NEBRASKA PROFESSIONAL CORPORATION, NOW KNOWN AS RONALD D. MOUSEL, P.C., APPELLANT, V. THE TOWNHOUSE, INC., A NEBRASKA CORPORATION, ET AL., APPELLEES.

608 N.W.2d 571

Filed March 31, 2000.    No. S-98-1289.

Sally A. Rasmussen, of Mousel, Garner & Rasmussen, for appellant.

George G. Vinton for appellees.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

McCORMACK, J.

## NATURE OF CASE

This action arises from a motion filed by Mousel Law Firm, P.C., now known as Ronald D. Mousel, P.C., to revive a judgment against Sydney C. Kite. The county court for Red Willow

County denied Mousel's motion, and the district court for Red Willow County affirmed the denial on appeal. On our own motion, we removed this case to our docket pursuant to our authority to regulate the caseloads of this court and the Nebraska Court of Appeals. We affirm.

## BACKGROUND

On March 11, 1991, a judgment was entered in the county court in favor of Mousel and against The Townhouse, Inc., a Nebraska corporation; Kite; and Carolyn S. Wilson, jointly and severally, in the sum of $2,580.99 on the first cause of action, together with interest at the rate of $1.07 per day from and after March 11, and in the amount of $4,224.25 on the second cause of action, together with interest at the rate of 7.21 percent per annum from and after March 11, plus costs in the amount of $79. On March 14, a payment of $500 was made on the judgment. No other payments were made. Mousel claims to have subsequently obtained a judicial lien on Kite's homestead. However, the record does not reflect that Mousel's judgment was ever transcribed to the district court, thereby creating a judicial lien.

Wilson is now deceased, and The Townhouse was dissolved for nonpayment of taxes on April 16, 1991. Kite is the only party involved in the present action that Mousel had obtained a judgment against.

On August 1, 1991, Kite filed for bankruptcy under chapter 7 of the federal Bankruptcy Code. During his bankruptcy proceedings, Kite did not claim a homestead exemption on his residence, but, rather, filed an in-lieu-of-homestead exemption. A discharge order was entered on December 6. Kite reopened his bankruptcy case in 1997 and motioned to avoid Mousel's judicial lien by asserting a homestead exemption. Kite contended that the lien on his homestead held by Mousel could be avoided under 11 U.S.C. § 522(f) (1988) of the federal Bankruptcy Code. The U.S. Bankruptcy Court for the District of Nebraska denied Kite's motion to avoid Mousel's lien, barring Kite from claiming the homestead exemption. The bankruptcy court concluded that Kite had successfully claimed an in-lieu-of-homestead exemption in the original bankruptcy proceeding and that he should not now be permitted to claim a homestead exemption and, based thereon, be permitted to avoid Mousel's lien.

Kite subsequently filed a motion in the bankruptcy court requesting it to alter or amend the judgment denying him relief from Mousel's lien. The bankruptcy court denied Kite's motion.

On April 27, 1998, Mousel filed a motion to revive his judgment against Kite. Kite filed an objection to the motion, alleging that Mousel's judgment was void and/or discharged due to Kite's discharge in bankruptcy. The county court denied Mousel's motion for revivor of judgment, finding that "[Mousel's] lien against [Kite's] homestead survived the 1991 bankruptcy; however, that lien expired when the underlying judgment became dormant. Because all other aspects of [Mousel's] judgment were discharged in the bankruptcy proceedings, [Mousel] is not entitled to revive the judgment."

Mousel appealed to the district court which affirmed the county court's decision, concluding:

> [T]here is no judgment to revive, and the judgment was discharged by the bankruptcy of the Defendant, Sydney Kite. The only thing that could be revived is the lien of the judgment. The lien was extinguished when the judgment became dormant. The lien cannot be revived because the judgment underlying the lien cannot be revived.

## ASSIGNMENTS OF ERROR

Mousel assigns that the district court erred in upholding the county court's ruling (1) that Mousel's lien against Kite's homestead "expired" when the underlying judgment became dormant and (2) denying Mousel's motion for revivor of judgment.

## SCOPE OF REVIEW

On questions of law, a reviewing court has an obligation to reach its own conclusions independent of those reached by the lower court. *Elsome v. Elsome*, 257 Neb. 889, 601 N.W.2d 537 (1999); *Hausman v. Cowen*, 257 Neb. 852, 601 N.W.2d 547 (1999); *Deuth v. Ratigan*, 256 Neb. 419, 590 N.W.2d 366 (1999).

## ANALYSIS

The only issue we are presented with is whether Mousel is entitled to have his judgment against Kite revived, thereby reviving the judicial lien on Kite's homestead.

Neb. Rev. Stat. § 25-1515 (Reissue 1995) provides that a judgment becomes dormant and ceases to be a lien upon real estate when an execution is not sued out within 5 years from the date of a judgment or if 5 years have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution. Neb. Rev. Stat. § 25-1420 (Reissue 1995) provides that if a judgment becomes dormant, it may be revived, provided that no judgment shall be revived unless the action to revive the judgment is commenced within 10 years after it became dormant.

■ A proceeding for revival of a judgment is not the commencement of an action but is a continuation of the suit in which the judgment was rendered. An order of revivor is a mere continuation of the original action and continues the vitality of the original judgment with all of its incidents from the time of its rendition. *Miller v. Miller*, 160 Neb. 766, 71 N.W.2d 478 (1955).

■ The judgment lien is created by statute and is destroyed by statute if an execution thereon is not taken out within 5 years from the date of the judgment or if 5 years shall have intervened between the date of the last execution issued on such judgment and the time of taking out of another execution thereon. If execution is not taken out in the time limited by the statute, the judgment becomes dormant, and the judgment lien is destroyed. This dormant judgment may be revived, but when so revived, it will operate as a lien only on the real estate which the judgment debtor may own at the time of the revivor. *Halmes v. Dovey*, 64 Neb. 122, 89 N.W. 631 (1902).

■ The lien of a judgment is merely an incident of the judgment and may not exist independently of the judgment. 50 C.J.S. *Judgments* § 552 (1997). In other words, it is essential to the creation of a judgment lien that there shall be a judgment, and it is essential that the judgment be final, valid, and subsisting and that the judgment be rendered by a lawfully and validly constituted court for the payment of a definite and certain sum of money, capable of collection by execution against the debtor's property. *Id.* at § 555.

Had Kite not become bankrupt, Mousel's judgment against Kite could have been revived, and had it been revived, Mousel's lien would also have been revived. However, it is uncertain

whether Mousel ever obtained a lien on Kite's homestead. It is not apparent from the record before us whether Mousel's judgment was ever transcribed to the district court as required by Neb. Rev. Stat. § 25-2721 (Reissue 1989), the version then in effect. Section 25-2721 provided:

> Any person having a judgment rendered by a county court may cause a transcript thereof to be filed in the office of the clerk of the district court in any county of this state. When the transcript is so filed, and entered upon the judgment record, such judgment shall be a lien on real estate in the county where the same is filed, and when the same is so filed and entered upon such judgment book, the clerk of such court may issue execution thereupon in like manner as execution is issued upon judgments rendered in the district court.

As is evident from § 25-2721, now found at § 25-2721(2) (Reissue 1995), a judgment rendered by a county court does not automatically become a lien on real estate. A judgment rendered by a county court is only a personal judgment against the debtor. In order for a county court's judgment to become a lien on real estate, it must be transcribed to a district court. If Mousel's judgment was never transcribed to the district court, Mousel never obtained a judicial lien on Kite's homestead. In any event, a county court judgment is personal to the debtor and personal debts are discharged in bankruptcy.

Kite received a discharge in his bankruptcy proceedings on December 6, 1991. The notable effect of discharge is specified in 11 U.S.C. § 524(a) (1988). Section 524(a) states in relevant part:

> A discharge in a case under this title—
>
> (1) voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived;
>
> (2) operates as an injunction against the commencement or continuation of an action, the employment of process, or an act, to collect, recover or offset any such debt as a personal liability of the debtor, whether or not discharge of such debt is waived[.]

■ A discharge in bankruptcy voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor. Mousel's judgment against Kite was a determination of Kite's personal liability. Therefore, Mousel's judgment was discharged in Kite's bankruptcy, and the judgment cannot be revived. Once Kite received a discharge in his bankruptcy proceedings, there was no longer a personal judgment against him. However, if Mousel did obtain a lien against Kite's homestead, the lien existed even after the discharge.

■ A discharge in bankruptcy is personal to the bankrupt and has no effect upon a valid lien existing on his or her property. *Alliance RR. Comm. Credit Union v. County of Box Butte*, 243 Neb. 840, 503 N.W.2d 191 (1993); *Omaha U. S. Employees' Federal Credit Union v. Brunson*, 147 Neb. 439, 23 N.W.2d 717 (1946); *Paxton v. Scott*, 66 Neb. 385, 92 N.W. 611 (1902).

■ The provisions in 11 U.S.C. § 524(a) apply only to the personal liability of the debtor, so they do not affect an otherwise valid prepetition lien on property. 4 Collier on Bankruptcy ¶ 524.02 (15th ed. 1999). Creditors are not prevented from post-discharge enforcement of a valid lien on property of the debtor that existed at the time of the entry of the order for relief, if the lien is not avoided under the federal Bankruptcy Code. *Id.* at ¶ 524.02[2][d].

■ Any lien not invalidated or avoided survives the debtor's discharge. *In re Walker*, 180 B.R. 834 (Bankr. W.D. La. 1995). See, also, *In re Wrenn*, 40 F.3d 1162 (11th Cir. 1994) (discharge does not affect liability in rem, and prepetition liens remain enforceable after discharge).

Although the bankruptcy court determined that the lien survived bankruptcy, once the underlying judgment subsequently became dormant pursuant to § 25-1515, it ceased to operate as a lien on the property of the judgment debtor under state law. In the instant case, there is no judgment to revive because it was discharged in Kite's bankruptcy proceedings. Without any judgment to revive, there is no lien to revive. Therefore, Mousel's lien cannot be revived because the judgment underlying the lien cannot be revived.

.

## CONCLUSION

Mousel's judgment against Kite was discharged in Kite's bankruptcy proceeding and cannot be revived. We affirm the district court's order upholding the county court's denial of Mousel's motion for revivor of judgment.

AFFIRMED.