ROBERT CAVE, DOING BUSINESS AS CAR MART, A SOLE PROPRIETORSHIP, APPELLANT AND CROSS-APPELLEE, V. ALFRED L. REISER, APPELLEE, AND JERALD J. REISER, APPELLEE AND CROSS-APPELLANT.

684 N.W.2d 580

Filed August 6, 2004.   No. S-03-391.

Mary C. Wickenkamp for appellant.

Brian S. Kruse, of Rembolt, Ludtke & Berger, L.L.P., for appellee Jerald J. Reiser.

HENDRY, C.J., WRIGHT, CONNOLLY, GERRARD, STEPHAN, McCORMACK, and MILLER-LERMAN, JJ.

CONNOLLY, J.

The appellant, Robert Cave, doing business as Car Mart, seeks to revive a judgment against the appellee Jerald J. Reiser. Jerald contends that the judgment is void because he was not properly served and an attorney who entered a general appearance on his behalf lacked the authority to do so. The main issue is whether Jerald can introduce extrinsic evidence to show that the judgment was void. The county court revived the judgment. Jerald appealed to the district court, which reversed, and remanded for a new trial. We affirm.

## BACKGROUND

### ORIGINAL JUDGMENT

In 1987, Cave filed a petition in Lancaster County Court, naming Alfred L. Reiser and "Jerold J. Reiser" as individual defendants; Alfred is Jerald's brother. Cave alleged that Alfred and Jerald had breached a contract.

The praecipe for summons attached to the petition requested that the sheriff make personal service on Alfred and Jerald and gave their address as "4210 Adams St., Lincoln, NE 68504." It is undisputed that Alfred lived at this address and was served. Jerald, however, claims that at the time, he lived at a different address, and that he was never served.

On February 5, 1988, an attorney filed an answer and counterclaim, purportedly on behalf of both Alfred and Jerald. Jerald claims that he never spoke with the attorney, employed her, or authorized her to make appearances or filings on his behalf. He also points out that on the answer and counterclaim, his first name is misspelled.

Following a bench trial, the court entered judgment for Cave. The judgment became dormant in 1993. Jerald claims that he did not learn about the lawsuit or the outstanding judgment until the revival proceedings.

### REVIVAL PROCEEDINGS

In 2001, Cave filed an application for an order of revivor in Lancaster County Court, and the court conditionally revived the judgment. Both Alfred and Jerald received notice of the conditional revival order. Alfred responded by filing a suggestion in

bankruptcy; Jerald filed an answer, in which he alleged that the judgment had been obtained without proper service of summons or an appearance on his part. He also requested a jury trial.

The county court initially granted Jerald's request for a jury trial. Later, however, the court reversed its decision and denied a jury trial.

At the hearing before the county court, the judge took judicial notice of the record. In addition, Jerald testified that he was never served, he had no knowledge of the lawsuit, and the attorney who appeared on his behalf was not authorized to do so.

The county court found that service had been defective, but concluded that Jerald's testimony by itself was not enough to rebut the presumption that he had authorized the attorney to appear on his behalf. Accordingly, the county court entered an order reviving the judgment.

Jerald appealed to the district court. The district court reversed, and remanded for a new trial, reasoning as follows:

The [county] court found that service on Jerald Reiser was defective but that the testimony of the Defendant by itself is not enough to overcome the presumption that [the attorney] appeared for him when the judgment was entered. The essence of the County Court's order is that, as a matter of law, to overcome the presumption, the Defendant must present witnesses (or perhaps other evidence) that corroborates his testimony. I find that the County Court was in error in so ruling. The Defendant's testimony alone, if believed, is legally sufficient to overcome the presumption raised by the record.

## ASSIGNMENTS OF ERROR

Cave assigns that the district court erred in reversing the county court's order. In addition, Cave contends that the district court lacked jurisdiction because Jerald did not file a motion for a new trial in the county court before he appealed to the district court.

On cross-appeal, Jerald assigns that the district court erred in (1) remanding the case to the county court instead of determining that the judgment was void and (2) failing to rule that Jerald was entitled to a jury trial.

## STANDARD OF REVIEW

When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Demerath v. Knights of Columbus, ante* p. 132, 680 N.W.2d 200 (2004).

## ANALYSIS

### MOTION FOR NEW TRIAL

As an initial manner, Cave argues that an appellate court cannot consider an issue decided by a trial court unless the appealing party raised the issue in a motion for a new trial before the trial court. He argues that because Jerald did not move for a new trial in the county court, the district court could not consider Jerald's appeal. Cave further contends that we should dismiss Jerald's cross-appeal for the same reason.

Cave's argument has no merit. Under Neb. Rev. Stat. § 25-1912.01(1) (Reissue 1995), "[a] motion for a new trial shall not be a prerequisite to obtaining appellate review of any issue upon which the ruling of the trial court appears in the record." Here, the county court's ruling on the issues raised by Jerald in his appeal to the district court appear in the record, and therefore Jerald was not required to move for a new trial as a prerequisite to obtaining appellate relief. See *State v. Wright*, 220 Neb. 847, 374 N.W.2d 26 (1985).

### EXTRINSIC EVIDENCE TO IMPEACH JUDGMENT IN REVIVAL PROCEEDINGS

Under Neb. Rev. Stat. § 25-1515 (Cum. Supp. 2002), a judgment becomes dormant and ceases to be a lien upon real estate when an execution is not sued out within 5 years after the date of entry of the judgment or if 5 years have intervened between the date of the last execution issued on the judgment and the time of suing out another writ of execution. Under Neb. Rev. Stat. § 25-1420 (Reissue 1995), if a judgment becomes dormant, it may be revived, so long as the action to revive the judgment is commenced within 10 years after it became dormant.

However, a proceeding for revival of a judgment is not the commencement of an action but is a continuation of the suit in which the judgment was rendered. *Mousel Law Firm v. The*

*Townhouse, Inc.*, 259 Neb. 113, 608 N.W.2d 571 (2000). An order of revivor is a mere continuation of the original action and continues the vitality of the original judgment with all of its incidents from the time of its rendition. *Id.* The court, however, cannot retry the merits of the original suit in the revivor proceedings. See, *Krause v. Long*, 109 Neb. 846, 192 N.W. 729 (1923); *St. Paul Harvester Co. v. Mahs*, 82 Neb. 336, 117 N.W. 702 (1908). Rather, the only defenses available against an application to revive are (1) there is no judgment to revive, (2) the purported judgment is void, and (3) the judgment was paid or otherwise discharged. See, *Gergen v. The Western Union Life Ins. Co.*, 149 Neb. 203, 30 N.W.2d 558 (1948); *Baker Steel & Machinery Co. v. Ferguson*, 137 Neb. 578, 290 N.W. 449 (1940).

Jerald claims that the judgment was void because the court never attained personal jurisdiction over him. A judgment entered without personal jurisdiction is void. See, *In re Interest of William G.*, 256 Neb. 788, 592 N.W.2d 499 (1999); *Enewold v. Olsen*, 39 Neb. 59, 64, 57 N.W. 765, 766 (1894) ("personal judgment rendered against a defendant without notice to him, or an appearance by him, is without jurisdiction, and is utterly and entirely void"); *Eaton v. Hasty*, 6 Neb. 419 (1877) (holding that when personal jurisdiction is based on general appearance made by attorney who was not authorized to make appearance, judgment is void). To support his contention that the judgment was void, Jerald offered extrinsic evidence—his own testimony that he was never served and that the attorney who purported to enter a general appearance on his behalf lacked the authority to do so. Cave, however, contends that a defendant in revival proceedings must stay within the judgment record and therefore cannot offer extrinsic evidence to prove that the original judgment was void for lack of jurisdiction. According to Cave, Jerald's remedy was to bring a suit in equity to vacate the judgment. To resolve the issue, we review the history of revival proceedings in Nebraska.

At common law, a writ of scire facias was the appropriate method for reviving a dormant judgment. See *Eaton v. Hasty, supra*. The writ required the defendant to show cause why the dormant judgment should not be revived. See Black's Law Dictionary 1347 (7th ed. 1999). When a plaintiff invoked scire facias to revive a judgment, the defendant was limited to two

defenses: (1) payment and satisfaction of the judgment and (2) nul tiel record. See, *McCormick v. Carey*, 62 Neb. 494, 87 N.W. 172 (1901); *Bank of Eau Claire v. Reed*, 232 Ill. 238, 83 N.E. 820 (1908). Nul tiel record was a common-law plea which alleged "(1) that there is no such Record at all in existence, or (2) a Variance, the Record being Different from that Declared on by the Plaintiff, or (3) that the Judgment is Void *on the Face of the Record.*" (Emphasis supplied.) Joseph H. Koffler & Alison Reppy, Handbook of Common Law Pleading § 264 at 505 (1969). Thus, the defendant could not use extrinsic evidence to show that the judgment was entered without jurisdiction. See, *Bank of Eau Claire, supra*; *Simpson v. Watson*, 15 Mo. App. 425 (1884).

Nebraska's statutory revival scheme supplanted the writ of scire facias as the means for reviving a judgment. See, *Lashmett v. Prall*, 83 Neb. 732, 120 N.W. 206 (1909); *Wright v. Sweet*, 10 Neb. 190, 4 N.W. 1043 (1880). But the statute is silent on defenses. Some of our early cases suggested—but did not expressly hold—that a defendant's defenses were identical to those in scire facias proceedings and that thus the defendant could not use extrinsic evidence to show that the judgment was void for lack of jurisdiction. *McCormick, supra*; *Wright, supra*. But our practice departed from the language in our decisions. For example, in *Johnson v. Carpenter*, 77 Neb. 49, 108 N.W. 161 (1906), the return of summons in the original action recited that a certified copy of the summons had been left at the defendant's usual place of abode. In the revival proceedings, we allowed the defendant to introduce affidavits showing that when he was served, he did not live at the address where the copy of the summons was left. Similarly, in *St. Paul Harvester Co. v. Mahs*, 82 Neb. 336, 117 N.W. 702 (1908), we affirmed a denial of revival based on extrinsic evidence showing that the defendant had not been served, even though the judgment record contained a sheriff's return of service reciting that service had been made.

*Johnson, supra*, and *St. Paul Harvester Co., supra*, demonstrated that Nebraska adopted a more lenient attitude toward allowing extrinsic evidence in revival proceedings than what was allowed in scire facias proceedings. Thus, while a defendant in revival proceedings may not use extrinsic evidence to relitigate the merits of the case, the defendant can introduce

extrinsic evidence to show that the original judgment was void because the court entered it without jurisdiction. Thus, the district court did not err in ruling that the county court could consider Jerald's extrinsic evidence.

### JUDGMENT VOID AS MATTER OF LAW

The county court allowed Jerald to testify that he was never served, did not know about the lawsuit, and had not authorized the actions of the attorney who purported to make a general appearance on his behalf. In its ruling, the county court determined that Jerald had not been served, but also determined that as a matter of law, Jerald needed more than his own testimony to establish that the attorney's appearance had been unauthorized. The district court decided that the county court had erred in ruling that as a matter of law, Jerald's testimony alone could not overcome the presumption that he had authorized the attorney's appearance. The court remanded for a new trial. On cross-appeal, Jerald contends that based on the evidentiary record, we should decide that as a matter of law, the attorney's appearance was unauthorized. We disagree.

A litigant is not responsible for the acts of an unauthorized attorney. *Welch v. Welch*, 246 Neb. 435, 519 N.W.2d 262 (1994). Thus, when a person has never hired an attorney, but the attorney appears in court purporting to represent the person, then all of the attorney's acts are void and the judgment based on those acts is void. See *id.* When an attorney appears in an action as the representative of a party to the action, the presumption of the law is that he appears by the authority of the party whom he assumes to represent; but this presumption is prima facie only and may be rebutted by proof that the appearance was without such authority. *Vorce v. Page*, 28 Neb. 294, 44 N.W. 452 (1889). The presumption that the appearance of an attorney was authorized must be overcome by clear and convincing evidence. See *Winters v. Means*, 25 Neb. 241, 246, 41 N.W. 157, 159 (1888) (holding that want of authority to appear "should be clearly made to appear").

Jerald was the only person who testified at trial. His testimony, if believed, would have been sufficient to overcome the presumption that the attorney's appearance was authorized. But this case ultimately turns on whether Jerald's testimony was credible. The

county court did not determine whether it believed Jerald, and, because we have only a cold record, we are not able to evaluate Jerald's credibility. Thus, we refuse to decide this case as a matter of law and agree with the district court's decision to remand for a new trial.

## JURY TRIAL

On cross-appeal, Jerald also claims that the county court erred in refusing to grant him a jury trial. Although Jerald made this argument to the district court, the court did not address it. We conclude, however, that the county court did not err in denying Jerald a jury trial.

In support of his claim that he is entitled to a jury trial, Jerald relies on *Farak v. First Nat. Bank of Schuyler*, 67 Neb. 463, 93 N.W. 682 (1903). In *Farak*, we held that in revival proceedings, when the defendant alleges as a defense that the judgment has been paid or otherwise satisfied, the parties have the right to have the issue determined by a jury. See, also, *McCormick v. Carey*, 62 Neb. 494, 87 N.W. 172 (1901); *Broadwater v. Foxworthy*, 57 Neb. 406, 77 N.W. 1103 (1899). But this case does not involve the issue of payment; rather, the question is whether the judgment was void because the court lacked personal jurisdiction. Jurisdiction is a question for the court, not the jury. *Miller v. Walter*, 247 Neb. 813, 530 N.W.2d 603 (1995). And this is true even when the court must resolve factual disputes to determine the jurisdictional question. Thus, Jerald does not have the right to have a jury decide whether the original judgment was entered without personal jurisdiction. Cf. *Montgomery v. USS Agri-Chemical Div.*, 155 Ga. App. 189, 270 S.E.2d 362 (1980) (holding that in motion to set aside default judgment, defendant was not entitled to jury trial on issue whether judgment was void because it was entered without personal jurisdiction).

## CONCLUSION

Jerald was not precluded from offering extrinsic evidence to show that the original judgment was void for lack of personal jurisdiction. Nor did the district court err in remanding for a new trial. We have also considered Jerald's motion for sanctions and have decided that it should be denied.

AFFIRMED.