Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
05/09/2023 09:05 AM CDT

- 875 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

Capital One Bank (USA), N.A., appellee,
v. Scott A. Tafoya, appellant.

___ N.W.2d ___

Filed May 9, 2023.    No. A-22-052.

1. **Statutes: Appeal and Error.** Statutory interpretation presents a question of law. An appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below.
2. **Judgments: Abatement, Survival, and Revival.** An order of revivor is a mere continuation of the original action and continues the vitality of the original judgment with all of its incidents from the time of its rendition.
3. ____: ____. The only defenses available against an action to revive are (1) there is no judgment to revive, (2) the purported judgment is void, and (3) the judgment was paid or otherwise discharged. When the revivor of a dormant judgment is sought, a defendant must show cause why the dormant judgment should not be revived.
4. **Judgments: Abatement, Survival, and Revival: Jurisdiction: Evidence.** While a defendant in revival proceedings may not use extrinsic evidence to relitigate the merits of the case, the defendant can introduce extrinsic evidence to show that the original judgment was void because the court entered it without jurisdiction.
5. **Parties: Names: Intent.** The intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves a misnomer or mistaken identity; the objective manifestations of a plaintiff's intent which existed at the time of the lawsuit are the most reliable indicators of whom counsel intended to sue.
6. **Service of Process: Parties: Names: Waiver.** If a defendant is personally served, even if the name is incorrect, the defendant must appear and call attention to the defect. Failing to do so waives the objection to the misnomer and allows a judgment to be rendered against the defendant by default.

- 876 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

7. **Trial: Evidence: Appeal and Error.** In a civil case, the admission or exclusion of evidence is not reversible error unless it unfairly prejudiced a substantial right of the complaining party.

Appeal from the District Court for Sarpy County, George A. Thompson, Judge, on appeal thereto from the County Court for Sarpy County, Robert C. Wester, Judge. Judgment of District Court affirmed.

James Polack, P.C., L.L.O., for appellant.

Shawn D. Flint and David C. Hepperlen, of Gurstel Law Firm, P.C., for appellee.

Moore, Riedmann, and Bishop, Judges.

Bishop, Judge.

## INTRODUCTION

Scott A. Tafoya appeals from the Sarpy County District Court's order affirming the decision of the county court for Sarpy County, which revived a dormant monetary judgment against Tafoya. We affirm.

## STATEMENT OF FACTS

In June 2010, Capital One Bank (USA), N.A. (Capital One), filed a complaint in the county court against "Scott A Tafoya DBA Arcosant Homes Inc" seeking a $22,720.11 judgment for the balance and interest owed on a credit card account. The county court entered a default judgment against "Scott A Tafoya" on March 16, 2011. (We note that Arcosant is supposed to be Arcosanti; however, we will spell the name as we find it in our record.)

Almost 10 years later, on March 1, 2021, Capital One filed a revivor motion in the county court related to the March 16, 2011, judgment, and on the same day, the court entered a "Conditional Order of Revivor" and "Notice of Hearing." Tafoya filed an objection to the revivor, claiming the judgment was void because Arcosanti Homes, Inc., was a legal entity

- 877 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

with the capacity to be sued and was a separate party from Tafoya, its president. Tafoya admitted that Arcosanti Homes, Inc., "had an open account with Capital One but ceased using it when the Corporation ceased doing business"; according to the objection, the corporation was dissolved in April 2010, just a couple months before Capital One filed its action against "Scott A Tafoya DBA Arcosant Homes Inc" to obtain a judgment for the amount owed on the credit card account. Tafoya's objection further alleged that to sue Tafoya, the corporation's president, it was necessary to pierce the corporate veil and that the county court did not have jurisdiction to pierce the corporate veil. He therefore claimed that the March 2011 judgment was void. A hearing on the revivor motion took place on April 20, 2021. Tafoya attempted to offer three exhibits: exhibit 1 (Tafoya's affidavit), exhibit 2 (Capital One's documents related to the motion for revivor), and exhibit 3 (Nebraska Secretary of State record for Arcosanti Homes, Inc.). Capital One objected to exhibit 1 on relevancy grounds; the objection was taken under advisement.

On June 11, 2021, the county court entered an order stating only that the judgment "against Scott A. Tafoya of March 16, 2011 is revived." On June 14, Tafoya filed a "Motion for Detailed Findings," and on June 16, he filed a notice of appeal. Although not included in our record, Capital One represents in its brief that Tafoya's motion requesting detailed findings was subsequently withdrawn. A hearing on Tafoya's appeal to the district court took place on November 5, and an "Opinion and Order" was filed by the district court on December 29.

In the district court's December 29, 2021, order, it cited to Neb. Rev. Stat. § 25-1420 (Reissue 2016) which allows for the revival of a judgment that has become dormant, so long as it is commenced within 10 years after the judgment became dormant. The court also cited to *Cave v. Reiser*, 268 Neb. 539, 684 N.W.2d 580 (2004), observing that the only defenses available against an application to revive a judgment are that

- 878 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

there is no judgment to revive, the judgment is void, or the judgment was paid or otherwise discharged. The court indicated that Tafoya was not seeking to attack the judgment for any other reason than "to show the judgment is void." The court pointed out that in the underlying county court action, Capital One did not plead a cause of action to pierce the corporate veil, and that although Capital One added "doing business as" after Tafoya's name, that did not "establish a cause of action for piercing the corporate veil." The court explained:

Essentially, [Tafoya's] argument comes down to one matter, namely, what is the effect of suing a defendant with the moniker 'doing business as'. For [Tafoya], it makes all the difference in the world. If it is improper, then the Default Judgment is void and [Capital One] cannot revive the judgment. [Tafoya] relies [on an Illinois case that] is heavily grounded on Illinois statutes and Illinois caselaw [which] are separate and distinct from Nebraska authority. As such, it is comparing apples to oranges.

Perhaps a better starting point is Toulousaine de Distribution et de Servs. v. Tri-State Seed & Grain, 2 Neb. App. 937, 520 N.W.2d 210 (1994). In Toulousaine, the Nebraska Court of Appeals stated Neb.Rev.Stat. § 25-312 provides that in an action on a written instrument, it is sufficient to designate the defendant "by the name or part of name by which he is designated in the instrument upon which action is brought." Furthermore, the Court of Appeals stated, [although] no cases could be found directly on point in Nebraska, other jurisdictions have held that so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name. Later, the Court stated, the law from other jurisdictions also indicates that doing

- 879 -

NEBRASKA COURT OF APPEALS ADVANCE SHEETS
31 NEBRASKA APPELLATE REPORTS
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

business under another name or several names does not create an entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations[, and that] if a defendant is personally served, even if the name is incorrect, he must appear and call attention to the defect. Failing to do so waives the objection to the misnomer and allows a judgment to be rendered against him by default.

The district court also pointed out that the Nebraska Supreme Court expanded on *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994), in *Hall v. Auto-Owners Ins. Co.*, 265 Neb. 716, 658 N.W.2d 711 (2003), identifying additional cases in support of the legal principle that doing business under another name does not create an entity separate and distinct from the person operating the business. The court concluded that Capital One's 2010 complaint alleged that the "Defendant is a *resident* of Sarpy County, Nebraska," and that "Defendant is not a *member* of the Armed Forces of the United States." It also pointed out that the summons was directed to "Scott A. Tafoya" and service was sought by first-class mail at "Defendant's *usual place of residence*." The court determined that Tafoya was "too late to raise his argument," since he was "served with a lawsuit" and he "failed to respond." The court further stated that Tafoya did not appeal nor move to vacate the judgment within the term of the court, and "now, some 9 years later, . . . he desires to go back in time." "He is not permitted now, at this late juncture, to challenge the judgment." The district court affirmed the county court's judgment.

Tafoya appeals.

## ASSIGNMENTS OF ERROR

Tafoya assigns, reordered and restated, that the district court erred by not reversing the county court's order reviving the 2011 judgment, since that judgment was void for the following reasons: (1) the county court lacked subject matter

- 880 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

jurisdiction "to pierce the corporation and enter a judgment against 'Scott A. Tafoya, d/b/a Arcosant Homes, Inc.'"; (2) the county court lacked subject matter jurisdiction "to enter a judgment against 'Scott A. Tafoya, d/b/a Arcosant Homes, Inc.'"; (3) the county court "had no jurisdiction to enter the original judgment, which required piercing the corporation, an equitable remedy"; and (4) the county court abused its discretion by reviving the judgment against Tafoya in his "individual capacity." (Emphasis omitted.) Tafoya also assigns error to the district court for not reversing the county court's decision based on its failure to "receive or rule on evidence offered as Exhibit 1, on April 20, 2021, . . . because extrinsic evidence is to be allowed to show the original judgment was void because the court entered it without jurisdiction."

## STANDARD OF REVIEW

[1] Statutory interpretation presents a question of law. *Nelssen v. Ritchie*, 304 Neb. 346, 934 N.W.2d 377 (2019). An appellate court has an obligation to reach an independent conclusion irrespective of the decision made by the court below. *Id*.

## ANALYSIS

Generally, a judgment becomes dormant if it has not been executed upon within 5 years. *Id*. Neb. Rev. Stat. § 25-1515 (Reissue 2016) states:

> If execution is not sued out within five years after the date of entry of any judgment that now is or may hereafter be rendered in any court of record in this state, or if five years have intervened between the date of the last execution issued on such judgment and the time of suing out another writ of execution thereon, such judgment, and all taxable costs in the action in which such judgment was obtained, shall become dormant and shall cease to operate as a lien on the estate of the judgment debtor.

[2-4] Even if a judgment creditor allows a judgment to become dormant, Nebraska law allows the judgment creditor

- 881 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

to seek to revive it. *Nelssen, supra.* Section 25-1420 provides, "If a judgment becomes dormant, it may be revived in the same manner as is prescribed for reviving actions before judgment; *Provided,* no judgment shall be revived unless action to revive the same be commenced within ten years after such judgment became dormant." (Emphasis in original.) An order of revivor is a mere continuation of the original action and continues the vitality of the original judgment with all of its incidents from the time of its rendition. *Cave v. Reiser*, 268 Neb. 539, 684 N.W.2d 580 (2004). The court, however, cannot retry the merits of the original suit in the revivor proceedings. *Id*. Rather, the only defenses available against an application to revive are (1) there is no judgment to revive, (2) the purported judgment is void, and (3) the judgment was paid or otherwise discharged. *Id*. When the revivor of a dormant judgment is sought, a defendant must show cause why the dormant judgment should not be revived. See *id*. While a defendant in revival proceedings may not use extrinsic evidence to relitigate the merits of the case, the defendant can introduce extrinsic evidence to show that the original judgment was void because the court entered it without jurisdiction. *Id*.

Tafoya claims the 2011 judgment against him was void because the county court lacked jurisdiction over Capital One's complaint.

### County Court's Jurisdiction
### Over 2011 Lawsuit

The first three assignments of error will be addressed together, since they all relate to Tafoya's argument that by naming the defendant in its original action as "Scott A Tafoya DBA Arcosant Homes Inc," Capital One was attempting to obtain a judgment against Tafoya in his capacity as president of a corporation, and to do so would require "piercing the corporation," which was an equitable action not within the county court's jurisdiction.

Capital One contends Tafoya's argument is "wholly irrelevant to the present case" because the record reflects that

- 882 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

Capital One "named . . . Tafoya individually, served . . . Tafoya with summons, and . . . Tafoya failed to respond." Brief for appellee at 10. "It was at this time that . . . Tafoya had the opportunity to raise any corporate shield defenses he believed he may have had; not 11 years later." *Id*. Capital One further asserts that if Tafoya "had raised such issues at the appropriate time, evidence could have been presented to the finder of fact, and [Capital One] could have provided evidence showing that [Tafoya] agreed to be individually liable on the debt." *Id*.

As noted by the district court, Tafoya's argument "comes down to one matter, namely, what is the effect of suing a defendant with the moniker 'doing business as.'"

Tafoya contends that Capital One's use of "Scott A Tafoya DBA Arcosant Homes Inc" means it was alleging "a person was 'doing business as a corporation,' when the named corporation has its own legal existence separate from the person, which is not legally permissible." Brief for appellant at 8 (emphasis omitted). He claims the county court lacked subject matter jurisdiction to hold him liable for acts of the corporation because in order to hold Tafoya liable, the court needed to "pierce the corporation." *Id*. at 22. Tafoya contends the "evidence is irrefutable that the Corporation was registered with the Nebraska Secretary of State, putting Capital One on notice of its existence." *Id*. at 27. "Therefore, without any other legal theory to support Capital One's Complaint, the Corporation's President is not personally liable for its debts." *Id*. Tafoya asserts that the county court lacked authority to consider equitable theories of recovery and that piercing the corporate veil is an equitable action. See *Moss v. Associated Underwriters*, 28 Neb. App. 739, 948 N.W.2d 273 (2020) (proceedings seeking disregard of corporate entity, that is, piercing corporate veil to impose liability on shareholder for corporation's debt or other obligation, are equitable actions).

Tafoya also relies on *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 884 N.E.2d 1205, 318 Ill. Dec. 934

- 883 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

(2008), which he claims is "a case nearly identical to the case at bar." Brief for appellant at 18. In *Czekala*, Capital One filed a complaint against "'Joseph Czekala DBA SEALAND FOODS'" and had previously sent a collection demand letter to "'FOODS INC SEALAND'" seeking payment on a credit card account. *Id*. at 739, 884 N.E.2d at 1208, 318 Ill. Dec. at 937. An affidavit attached to the complaint designated the corporation, Sealand Foods, Inc., as the debtor for the credit card charges. Joseph Czekala was served and attended an initial court proceeding to inform the court he had retained an attorney to represent the corporation in a bankruptcy proceeding, but that attorney was not present at the initial Capital One collection hearing. Czekala was given 21 days to file an appearance or answer, but he did not do so. A default judgment was entered against Czekala in 2001; there was no reference in the judgment to the corporation, just Czekala. Five years later, after a wage deduction summons and affidavit for withholding wages was served on Czekala's employer, Czekala filed a petition to vacate the default judgment, including an affidavit representing that Czekala was not aware of the judgment against him, that he believed the bankruptcy attorney had disposed of the case, and that any judgment would have been entered against the corporation. Czekala also attached an original letter from Capital One approving the corporation Sealand Foods for a credit card, with monthly billing statements issued to the corporation. Czekala's affidavit also indicated that the corporation was involuntarily dissolved in 2003. The trial court rejected Czekala's petition to vacate the judgment. See *Czekala, supra*.

On appeal, Czekala claimed that the trial court did not have personal jurisdiction over him and that therefore, the judgment was void. In considering the personal jurisdiction issue, the Illinois appellate court examined the complaint and its attached affidavit, the summons, the proof of service, and the default judgment. It pointed out that the caption of the complaint "identified both an individual and a business by linking them

- 884 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

together with this language, 'Joseph Czekala DBA SEALAND FOODS.'" *Czekala*, 379 Ill. App. 3d at 742, 884 N.E.2d at 1211, 318 Ill. Dec. at 940. It observed that the complaint "contradicted the creditor's affidavit," which "identified only one debtor, the business, 'Sealand Foods, Inc.,' solely, without any reference to . . . Czekala." *Id*. Further, the appellate court noted that it was undisputed that Sealand Foods was a registered corporation, Czekala served as president, and the corporation had not been dissolved as of the date of the default judgment. It pointed out that the corporation's registered name was "Sealand Foods, Inc.," and not simply Sealand Foods, and that, "[t]herefore, the complaint appears to carelessly misname the company and then link Czekala to a misnamed, noncorporate business." *Id*.

The Illinois appellate court went on to acknowledge that "[t]he effect of misnomer is that the party called by the wrong name is still subject to the court's jurisdiction after receiving notice of the lawsuit," *id.*, and that "[a] complaint may be amended at any time, even after judgment enters, to correct a misnomer." *Czekala*, 379 Ill. App. 3d at 743, 884 N.E.2d at 1211, 318 Ill. Dec. at 940. However, the court also noted that "the effect of a mistaken identity is that the court does not acquire personal jurisdiction over the person named by mistake but served," and "[t]his is especially true when the mistaken identity involves a nonexistent business." *Id*. "Based on the record, Sealand Foods is an unknown business without a relationship to either Czekala or Capital One. Therefore, a judgment against Czekala DBA SEALAND FOODS is void *ab initio* because he could not do business for a company that does not exist." *Id*. at 743, 884 N.E.2d at 1212, 318 Ill. Dec. at 941. The court went on to state that even if the complaint had "identified 'Joseph Czekala DBA Sealand Foods, Inc.,' the result would not be different" because "[a] corporation is a legal entity unto itself" and "[n]o person, individually, not even the president of the corporation, 'does business as' a corporation." *Id*. at 743, 884 N.E.2d at 1212, 318 Ill. Dec. at

- 885 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

941. It added that "courts are reluctant to pierce the corporate veil"; "this record shows that Sealand Foods, Inc. accumulated the credit card debt in the ordinary course of corporate business"; and the "indebted holder of the credit card was the corporation, doing business on its own behalf through its president, by obtaining and using a business credit card issued in the name of Sealand Foods, Inc." *Id*.

The court in *Czekala* added that the "'intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves a misnomer or mistaken identity,'" and that the "'objective manifestations'" of a plaintiff's intent which existed at the time of the lawsuit, are "the most reliable indicators of whom counsel intended to sue." 379 Ill. App. 3d at 743, 744, 884 N.E.2d at 1212, 318 Ill. Dec. at 941. The court considered the affidavit attached to the complaint to be "the best objective evidence of plaintiff's intent," and the affidavit identified "the entity 'justly' indebted to plaintiff as the corporation, Sealand Foods, Inc." *Id*. at 744, 884 N.E.2d at 1212, 318 Ill. Dec. at 941. "When an affidavit attached as an exhibit contradicts the averments of the complaint, the allegations in the exhibit control," and an affidavit "should be construed as a judicial admission and is binding on the party who prepared the affidavit." *Id*. at 744, 884 N.E.2d at 1212-13, 318 Ill. Dec. at 941-42. The court concluded that Capital One's "admission" in that case, that "the debt belonged only to the corporation, Sealand Foods, Inc., [was] compelling objective evidence of intent to sue the business and not the individual." *Id*. at 744, 884 N.E.2d at 1213, 318 Ill. Dec. 942. Further, the credit application showed that "Czekala repeatedly and carefully identified himself as an agent for the corporation in the application," and therefore, "pursuant to the UCC, he could not be held legally responsible for the debt of the business." *Id*. at 745, 884 N.E.2d at 1213, 318 Ill. Dec. at 942. The court further observed that Capital One filed its complaint in 2001, well before the corporation contemplated bankruptcy or was involuntarily dissolved in 2003. The appellate court

- 886 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

ultimately vacated the default judgment against Czekala for lack of personal jurisdiction.

Capital One contends *Czekala, supra*, is distinguishable from the present case, in that "there is nothing on the record that would prove [Capital One's] clear, objective intent in using 'dba' was to sue a corporate entity, and therefore be required to pierce the corporate veil to obtain a judgment on . . . Tafoya individually." Brief for appellee at 9. It points out that Tafoya was named specifically as a defendant, was listed on the summons, and was served with process. "No attempts at serving a corporate entity were ever made." *Id*. "[T]his is clearly a case of misnomer, and not mistaken identity, and therefore the County Court would have retained jurisdiction over the case." *Id*.

In support of its position, Capital One suggests that the case relied upon by the district court, *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994), "appears to be clearly dispositive" for the proposition that "if a defendant is personally served, even if the name is incorrect, he must appear and call attention to the defect," and "[f]ailing to do so waives the objection to the misnomer and allows a judgment to be rendered against him by default." Brief for appellee at 8. "This Court further held that doing business under another name or several names does not create an entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations." *Id*.

In *Toulousaine de Distrib., supra*, a French company sought to register in Nebraska a judgment it had obtained in New York against Tri-State Seed and Grain. After it was registered without objection, Clifford E. Olson, a Nebraska resident and sole proprietor of Tri-State Seed and Grain, sought a permanent injunction to prevent the French company from enforcing its judgment against Olson or his property. The trial court found that there was no evidence Olson ever held himself out to be doing business as Tri-State Seed and Grain and

- 887 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

therefore granted the requested permanent injunction. In reviewing that decision on appeal, this court cited a Missouri case for the proposition that "a misnomer is not automatically fatal, and if the judgment creditor can show who the true defendant is, it may proceed to enforce a judgment against the debtor." *Id*. at 943-44, 520 N.W.2d at 214. Further, "if a defendant is personally served, even if the name is incorrect, he must appear and call attention to the defect. Failing to do so waives the objection to the misnomer and allows a judgment to be rendered against him by default." *Id*. at 944, 520 N.W.2d at 214. This court pointed out that Olson had been doing business under variations of the name "Tri-State Seed Company," the company's address was Olson's home address, and Olson admitted he had entered into the contract with the French company. Olson had been clearly identified as the "'"one against whom the judgment was rendered."'" *Id*. at 944, 520 N.W.2d at 214-15 (quoting *Aman Collection Service, Inc. v. Burgess*, 612 S.W.2d 405 (Mo. App. 1981)).

In *Toulousaine de Distrib.*, this court further observed that the "law from other jurisdictions also indicates that doing business under another name or several names does not create an entity separate and distinct from the person operating the business, and the person remains personally liable for all his or her obligations." 2 Neb. App. at 944, 520 N.W.2d at 215. See, also, *Hall v. Auto-Owners Ins. Co.*, 265 Neb. 716, 658 N.W.2d 711 (2003) (citing to *Toulousaine de Distrib.* for proposition that doing business under another name or several names does not create entity separate and distinct from person operating business, and noting many courts in other jurisdictions are in agreement). In *Toulousaine de Distrib.*, this court determined that the evidence was clear that "it was Olson, doing business as a sole proprietor, who entered into this contract with [the French company] to deliver seed and subsequently breached that contract." 2 Neb. App. at 945, 520 N.W.2d at 215. Therefore, the New York judgment was "against a sole proprietor from whom [the French company] purchased

- 888 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

seed" and "[t]hat sole proprietor was Olson." *Id.* (emphasis omitted). Accordingly, "[t]he misnomer was not fatal." *Id.* This court also pointed out that Olson had not "attack[ed] the jurisdiction of the New York court to enter the judgment," and there was "nothing in the record suggesting that court did not have jurisdiction to enter the judgment." *Id.* Ultimately, this court concluded, "The district court erred in granting the permanent injunction against [the French company] because Olson, as the sole proprietor who contracted to sell the . . . seed, is personally liable, even if the main judgment documents use the wrong name." *Id.*

We find both *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 884 N.E.2d 1205, 318 Ill. Dec. 934 (2008), and *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994), to have distinguishing factors from the case before this court, but the legal principles in both cases guide our review of the record before us. Some obvious differences in the cases are the alleged errors in the captions used in the complaints in each case. In *Czekala*, Capital One sought to collect an unpaid credit card debt by bringing a lawsuit against "Joseph Czekala DBA SEALAND FOODS." 379 Ill. App. 3d at 742, 884 N.E.2d at 1211, 318 Ill. Dec. at 940. The Illinois appellate court saw the caption as identifying "both an individual and a business by linking them together with this language." See *id.* However, Sealand Foods was determined to be a "misnamed, noncorporate business" and an attached affidavit specifically identified the corporation as the debtor. *Id.* In *Toulousaine de Distrib.*, the French company filed its action against Tri-State Seed and Grain; it was determined to be a sole proprietorship, and although the sole proprietor of the business was not named, he was ultimately held liable on the judgment. In the present case, Capital One filed its action against "Scott A Tafoya DBA Arcosant Homes Inc." As noted by Tafoya, a person cannot do business as a corporation. See *Czekala*, 379 Ill. App. 3d at 743, 884 N.E.2d at 1212, 318 Ill. Dec. at 941 ("[n]o person, individually, not

- 889 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

even the president of the corporation, 'does business as' a corporation"; a corporation "conducts its own business").

Although both *Czekala* and the present case involve lawsuits brought by Capital One against a named individual "doing business as" another name, a significant distinction in *Czekala* is that in that case, Capital One attached an affidavit to its complaint that specifically designated the corporation, not Czekala, as the debtor for the credit card charges. In the present case, Capital One did not attach such an affidavit; instead, as set forth previously, its action was brought against the "Defendant or Defendants, whether one or more," who "at all pertinent times [was] a resident of Sarpy County," and was "not a member of the Armed Forces." Such allegations pertain more to an individual than a corporation. Also, in *Czekala*, when Czekala opposed enforcement of the judgment, he produced an original letter from Capital One approving the corporation for a credit card, with monthly billing statements issued to the corporation. No such evidence was produced in the present case. We agree with the district court's assessment that Capital One "did not plead a theory of piercing the corporate veil as a cause of action in its Complaint. Rather, the Complaint asserts a simple collection action against [Tafoya]." We also agree with the court that including "'doing business as'" in the caption did "not establish a cause of action for piercing the corporate veil," and Tafoya was not "permitted to relitigate the merits of the Default Judgment" as this "would be an improper collateral attack."

Another distinction between *Czekala* and this case is the timing of Capital One's filing of the initial complaints in relation to the dissolution of the corporations. In *Czekala*, the corporation was not dissolved until 2003, which was after Capital One filed its petition and obtained a judgment in 2001. In the present case, Capital One filed its complaint in June 2010, which was a couple months after Arcosanti Homes, Inc., was dissolved.

- 890 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

[5] These distinctions are important, since the intent of the plaintiff is a pivotal inquiry in the determination of whether a particular case involves a misnomer or mistaken identity; the objective manifestations of a plaintiff's intent which existed at the time of the lawsuit are the most reliable indicators of whom counsel intended to sue. See *Capital One Bank, N.A. v. Czekala*, 379 Ill. App. 3d 737, 884 N.E.2d 1205, 318 Ill. Dec. 934 (2008). In *Czekala*, the Illinois appellate court found the affidavit attached to the complaint to be the best objective evidence of Capital One's intent, because it specifically identified the corporation as the entity indebted to it, and this constituted "compelling objective evidence of intent to sue the business and not the individual." 379 Ill. App. 3d at 744, 884 N.E.2d at 1213, 318 Ill. Dec. at 942.

[6] In attempting to discern Capital One's intent in the present case, we can only look to the pleadings. As previously discussed, Capital One's complaint was brought against the "Defendant or Defendants, whether one or more," who "at all pertinent times [was] a resident of Sarpy County," and was "not a member of the Armed Forces"; it was served upon Tafoya by mail at his residential address. Summons was requested to be served "upon the Defendant(s) by personally serving or leaving at his/her place of residence." These allegations pertain more to an individual than a corporation. Also, Capital One's complaint was filed after the corporation was dissolved, which occurred in April 2010, according to Tafoya's objection to the revivor. This fact would bolster Capital One's position that its action was directed only at Tafoya individually. We conclude the objective manifestations of Capital One's intent at the time of the lawsuit demonstrate that its action either was intended to be against Tafoya, individually, *and* the corporation, see *Czekala*, 379 Ill. App. 3d at 742, 884 N.E.2d at 1211, 318 Ill. Dec. at 940 (caption "doing business as" identifies "both an individual and a business by linking them together with this language") or, alternatively, was against only Tafoya individually; adding the "DBA Arcosant Homes Inc" was

- 891 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

simply a misnomer, not a mistaken identity. There is nothing in the record to indicate that Capital One attempted service on the dissolved corporation, but the record does support that Tafoya was personally served with the complaint. If a defendant is personally served, even if the name is incorrect, the defendant must appear and call attention to the defect. See *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 2 Neb. App. 937, 520 N.W.2d 210 (1994). Failing to do so waives the objection to the misnomer and allows a judgment to be rendered against the defendant by default. *Id*. Tafoya failed to call attention to the defect and therefore waived any objection to the misnomer in Capital One's complaint. And as noted by the district court, Tafoya could have responded to the lawsuit, filed an appeal, or moved to vacate the judgment within the term of the court. He took none of those steps and cannot now relitigate the merits of the case. See *Cave v. Reiser*, 268 Neb. 539, 684 N.W.2d 580 (2004).

Finally, regarding *Toulousaine de Distrib., supra*, it is important to note the distinction in that case; it involved a default judgment obtained against Tri-State Seed and Grain, which was determined to be a sole proprietorship, with Olson as proprietor. The present case does not involve a misnomer where a sole proprietorship was named as defendant rather than the sole proprietor himself or herself; rather, the misnomer in this case involves naming an individual "doing business as" a corporation. If in *Toulousaine de Distrib.*, Tri-State Seed and Grain had been a corporation rather than a sole proprietorship, a judgment against the corporation alone would not ordinarily be enforceable against its shareholders and officers, and the outcome would have likely been different. See *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008) (corporation viewed as complete and separate entity from its shareholders and officers, who are not, as a rule, liable for debts and obligations of corporation; plaintiff seeking to pierce corporate veil must allege and prove that corporation was under actual control of shareholder and that shareholder exercised such

- 892 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

control to commit fraud or other wrong in contravention of plaintiff's rights). The separate entity concept of the corporation may be disregarded where the corporation is a mere shell, serving no legitimate business purpose, and is used as an intermediary to perpetuate fraud on the creditors. *Id*. However, as Capital One points out, "there is nothing on the record that would prove [its] clear, objective intent in using 'dba' was to sue a corporate entity, and therefore be required to pierce the corporate veil to obtain a judgment on . . . Tafoya individually." Brief for appellee at 9. "No attempts at serving a corporate entity were ever made." *Id*.

In summary, we conclude the county court had jurisdiction to enter the 2011 default judgment and no grounds existed to defend against its revival.

## Reviving Judgment Against Tafoya in Individual Capacity

Tafoya claims the "relief granted by the county court was substantially different from Capital One's Request to Revive Against Two Separate Defendants." Brief for appellant at 23. Tafoya claims the documents filed by Capital One in the revivor proceedings changed the caption of the case from "Scott A Tafoya DBA Arcosant Homes Inc" to "Scott A Tafoya and Arcosant Homes, Inc."

Tafoya's argument is not entirely clear; he states, "Although one may sometimes disregard captions, it was ONLY the caption of Capital One's Complaint that ever named the Defendant in the first place, not the body of the Complaint." *Id*. He then adds, "If this was to be relied upon as adequate notice of the identity of the party or parties in their Complaint, it should be adequate notice in their subsequent pleadings." *Id*. Finally, he asserts that "because an attorney is presumed to know the contents of the pleadings they sign and submit to a court, there is a presumption that they knew this was what they did," and that at the time the revivor motion, praecipe, and proposed order were submitted, Capital One "should be responsible

- 893 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

for its actions herein." *Id*. In the "Nature of the Case" section of his brief, Tafoya asserts that "[a]pparently recognizing the error" that it alleged a person was doing business as a corporation, Capital One "changed their caption" in the revivor pleadings to identify two separate defendants: Tafoya and Arcosant Homes, Inc. Brief for appellant at 8 (emphasis omitted). "Nevertheless, the Sarpy County Court granted relief different from that requested in [Capital One's] Revivor Motion, and issued an Order of Revivor against Scott A. Tafoya d/b/a Arcosant Homes, Inc., which was not the relief requested by Capital One." *Id*. (emphasis omitted).

We note that although Capital One did change the caption as Tafoya alleges in Capital One's documents related to the revivor proceedings, the county court's March 16, 2011, default judgment is captioned naming only Tafoya as the defendant; the county court's June 11, 2021, order reviving the judgment against Tafoya is captioned with only Tafoya identified as the defendant; and the district court's December 29 order affirming the county court's decision retains the original caption reflecting Tafoya "d/b/a Arcosant Homes, Inc." We fail to see that any prejudicial error occurred; given our conclusion that the district court properly affirmed the county court's decision to revive the default judgment, Tafoya's criticism of the captions in Capital One's revivor documents have no bearing on that outcome.

### Failure to Receive Evidence

Tafoya assigns that the district court erred by not finding that the county court abused its discretion by not ruling on or receiving exhibit 1, which was offered over Capital One's objection at the April 20, 2021, hearing on the motion for revivor. The county court took the offer and objection under advisement, but it did not reference the exhibit one way or the other in its order reviving the judgment. The district court concluded the county court properly excluded exhibit 1. Its order stated, "The affidavit, if considered to be factually

- 894 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

correct, attempts to attack the merits of the lawsuit rather than show the Default Judgment is void."

Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *State v. Cerros*, 312 Neb. 230, 978 N.W.2d 162 (2022). A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of discretion. *Id*.

Exhibit 1 is Tafoya's affidavit submitted in opposition to the motion for revivor. Regarding extrinsic evidence in such proceedings, the Nebraska Supreme Court has stated that "while a defendant in revival proceedings may not use extrinsic evidence to relitigate the merits of the case, the defendant can introduce extrinsic evidence to show that the original judgment was void because the court entered it without jurisdiction." *Cave v. Reiser*, 268 Neb. 539, 545-46, 684 N.W.2d 580, 586 (2004). Tafoya's affidavit averred that he had been president of Arcosanti Homes, Inc., a corporation registered with the Nebraska Secretary of State; that he had a credit card with Capital One that was used by the corporation until it ceased doing business in 2008; and that the county court lacked personal and subject matter jurisdiction in the case.

[7] To the extent the county court's silence as to the receipt of exhibit 1 is an implicit exclusion of the evidence, we cannot say it was an abuse of discretion. As the district court observed, the statements contained in the affidavit appear to be an attempt at relitigating the merits of the underlying case rather than demonstrating the original default judgment was void because the county court was without jurisdiction. Regardless, even if it was an abuse of discretion to fail to admit exhibit 1, any such error did not unfairly prejudice a substantial right of Tafoya, given our conclusion that the complaint's caption naming "Scott A Tafoya DBA Arcosant Homes Inc" as the defendant did not preclude the county court's

- 895 -

Nebraska Court of Appeals Advance Sheets
31 Nebraska Appellate Reports
CAPITAL ONE BANK v. TAFOYA
Cite as 31 Neb. App. 875

jurisdiction over the case and Tafoya—"DBA Arcosant Homes Inc" was simply a misnomer. See *AVG Partners I v. Genesis Health Clubs*, 307 Neb. 47, 948 N.W.2d 212 (2020) (in civil case, admission or exclusion of evidence is not reversible error unless it unfairly prejudiced substantial right of complaining party).

Tafoya also argues that the court abused its discretion by not receiving the other exhibits as well; however, he did not assign error as to the exclusion of those exhibits, so we will not address them. See *State v. Vanderford*, 312 Neb. 580, 980 N.W.2d 397 (2022) (alleged error must be both specifically assigned and specifically argued in brief of party asserting error to be considered by appellate court). That said, the same reasoning provided for the exclusion of exhibit 1 would generally apply to the other exhibits as well.

## CONCLUSION

The county court's March 16, 2011, default judgment against Tafoya was not void, and as such, the district court properly affirmed the county court's June 11, 2021, order reviving the 2011 judgment against Tafoya.

AFFIRMED.