IN THE NEBRASKA COURT OF APPEALS

## MEMORANDUM OPINION AND JUDGMENT ON APPEAL
### (Memorandum Web Opinion)


AKINS V. AL-ABOUDY


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


SAMAR AKINS, APPELLANT,

V.

AHMED AL-ABOUDY, APPELLEE.


Filed November 28, 2023.    No. A-22-927.


Appeal from the District Court for Lancaster County: ANDREW R. JACOBSEN, Judge, on appeal thereto from the County Court for Lancaster County: JOSEPH E. DALTON, Judge. Judgment of District Court affirmed.

Samar Akins, pro se.

Robert Wm. Chapin, Jr., for appellee.


RIEDMANN, BISHOP, and WELCH, Judges.

BISHOP, Judge.

### INTRODUCTION

Samar Akins purchased a 2003 Jaguar sedan "as is" from A&B Auto Sales LLC (A&B), in Lincoln, Nebraska, and subsequently had significant problems with the car. He filed a claim in the county court of Lancaster County, sitting as a small claims court, against "Ahmed Al-Aboudy owner of A & B Auto Sales." The court entered a judgment of $3,500 in favor of Akins against "A&B Auto Sales." Al-Aboudy appealed to the Lancaster County District Court, where the order of the small claims court was reversed. The district court found that Al-Aboudy could not be held personally liable for A&B's actions and that because A&B was never made a party to the action, judgment could not be entered against it. Akins, pro se, appeals. We affirm the district court's reversal of the small claims court's judgment against A&B.

- 1 -

BACKGROUND

On December 15, 2021, Akins filed a claim and notice in small claims court against "Ahmoud Aboukari owner of A & B Auto Sales." He specified as a "service instruction" that the claim and notice be served on "the owner." On January 19, 2022, Akins filed an amended claim and notice, naming "Ahmed Al-Aboudy owner of A & B Auto Sales" as the defendant. In an attachment to his amended claim and notice, Akins alleged that in March 2021, he purchased a "2003 Jaguar S Type" for $4,500 from A&B. Prior to purchasing the vehicle, he asked a salesperson if there was anything wrong with the vehicle. He alleged that she responded "no" and stated that if there was something wrong with the vehicle, she would tell him. Shortly after purchasing the vehicle, Akins discovered significant problems with the vehicle and requested a refund. A&B refused to provide a refund. He requested that the court award him "the max amount" in damages. On January 24, 2022, Al-Aboudy was personally served with the amended claim and notice.

Trial took place on February 17, 2022. The parties both appeared pro se. See Neb. Rev. Stat. § 25-2803(2) (Cum. Supp. 2022) (no party shall be represented by an attorney in Small Claims Court). The court heard testimony from Akins, Al-Aboudy, and a mechanic called by Akins. The court also received two exhibits into evidence: exhibit 1, a "Buyers Guide"; and exhibit 2, which includes a "Nebraska Purchase Contract" (purchase contract) for the vehicle, a sales tax statement, a copy of Akins' driver's license, and a Nebraska Certificate of Title. These documents reflect the seller/dealer as "A&B Auto Sales LLC" and the buyer as Akins. Exhibits 3 and 4 were the original documents of exhibits 1 and 2, so after receiving them, the court allowed them to be withdrawn from the permanent record of the court so they could be returned to Al-Aboudy.

Akins testified that he purchased a vehicle from A&B for $4,500 after the "lady who did the paperwork" assured him that there was nothing wrong with the vehicle. The following day, he drove the vehicle to Omaha, Nebraska, and as he approached a red light along an exit from the interstate, the brakes failed, causing him to drive through the red light and almost collide with another vehicle. Akins brought the vehicle to a mechanic, who discovered that the vehicle's brake system was damaged and required repairs. Akins requested a refund from A&B, which refused his request but repaired the "master cylinder" in the vehicle. Akins then discovered that the vehicle required additional repairs related to the brakes and the temperature control system. Akins stated that he accrued various expenses to repair the vehicle. Ultimately, the vehicle was found to have defective "wiring," rendering the vehicle unusable a few months after Akins purchased it. Akins' witness, a mechanic, testified consistently with Akins' testimony regarding the vehicle's condition.

Al-Aboudy testified that he was the owner of A&B and that the individual who informed Akins that the vehicle did not have anything wrong with it was "employed by [him]." Al-Aboudy further testified that the vehicle was sold to Akins "as is." In support of his testimony, Al-Aboudy introduced exhibits 1 and 2. The "Buyers Guide" had preprinted text naming "A&B Auto Sales LLC" as the "[d]ealer." The document set out the "warranties for th[e] vehicle," with various options, each with a box next to it. The option "AS IS - NO DEALER WARRANTY" was marked with an "X". Akins' signature appears on the document, indicating that he "acknowledge[d] receipt of the Buyers Guide at the closing of th[e] sale." The purchase contract between "A&B Auto Sales

LLC" and Akins contained the handwritten words: "Sold as is NO Warranty." The document was signed by Akins and the "[d]ealer or his authorized representative."

The small claims court took the matter under advisement. That same day, the court entered an order finding that, even though the purchase contract provided that the vehicle was sold "as is," an employee of A&B fraudulently misrepresented that "there was nothing wrong with the vehicle." It was ordered that Akins was "entitled to a [judgment] against the Defendant, A & B Auto Sales, in the sum of $3,500.00, which was the jurisdictional limit at the time [Akins] purchased the vehicle."

Al-Aboudy appealed the small claims court's decision to the district court. Al-Aboudy was represented by legal counsel on direct appeal. On March 1, 2022, Al-Aboudy filed an assignment of errors, alleging that the small claims court "awarded damages that are not consistent with the facts," lacked personal jurisdiction over Al-Aboudy, and erred in assessing damages. He further assigned that the "decision [was] not sustained by sufficient evidence or is contrary to law."

On September 14, 2022, the district court held a hearing on the appeal. Al-Aboudy was represented by legal counsel and Akins appeared pro se. On December 8, the district court entered an order reversing the small claims court's decision. The district court found that the purchase contract was between Akins and A&B because the purchase contract was signed by an agent of the dealer, A&B. It concluded that since there was no evidence that the salesperson was an employee of Al-Aboudy, the salesperson's statements could not be "imputed to . . . Al-Aboudy personally." It further indicated that there was no allegation that Al-Aboudy was "in any way associated with A & B Auto, LLC as an owner, director or in any other capacity." (We note here that Al-Aboudy testified he was the owner of A&B and that the salesperson was his employee.) The district court concluded that Al-Aboudy could not be found personally liable for the breach of contract claim. It further found that "A & B Auto LLC was never made a party to the action or served pursuant to Neb. Rev. Stat. §25-509.01." It therefore determined that the small claims court erred when it entered a judgment against A&B. The district court reversed the small claims court's judgment and remanded the matter for further proceedings consistent with its order.

Akins, pro se, appeals.

ASSIGNMENT OF ERROR

Akins assigns that the district court abused its discretion in ruling that Al-Aboudy "could not be held personally liable for the breach of contract."

STANDARD OF REVIEW

The district court and higher appellate courts generally review judgments from a small claims court for error appearing on the record. *Flodman v. Robinson*, 22 Neb. App. 943, 864 N.W.2d 716 (2015). See, also, Neb. Rev. Stat. §§ 25-2733 and 25-2807 (Reissue 2016); *Hara v. Reichert*, 287 Neb. 577, 843 N.W.2d 812 (2014). When reviewing a judgment for errors appearing on the record, the inquiry is whether the decision conforms to the law, is supported by competent evidence, and is neither arbitrary, capricious, nor unreasonable. *Schaefer Shapiro v. Ball*, 305 Neb. 669, 941 N.W.2d 755 (2020). However, in instances when an appellate court is required to review cases for error appearing on the record, questions of law are nonetheless reviewed de novo on the

record. *Millard Gutter Co. v. Farm Bureau Prop. & Cas. Ins. Co.*, 295 Neb. 419, 889 N.W.2d 596 (2016).

## ANALYSIS

Akins' assigned error regarding Al-Aboudy's personal liability is not relevant to this appeal because the small claims court entered judgment against A&B--not Al-Aboudy. And as pointed out by the district court, A&B was not named as a defendant, nor was summons served upon it. The record reflects, and no evidence was presented otherwise, that A&B is a separate legal entity; the purchase contract is between Akins and "A&B Auto Sales LLC," the sales tax document reflects "A&B Auto Sales LLC" as the seller and Akins as the purchaser, and the vehicle title reflects the same. Although Al-Aboudy testified that he was "the owner" of A&B, we note that a limited liability company is an entity distinct from its members. See Neb. Rev. Stat. § 21-104 (Cum. Supp. 2022). See, also, *Steinhausen v. HomeServices of Neb.*, 289 Neb. 927, 857 N.W.2d 816 (2015) (comparing limited liability companies to corporations). A company's identity as a separate legal entity will be preserved, as a general rule, until sufficient reason to the contrary appears. See *Thomas & Thomas Court Reporters v. Switzer*, 283 Neb. 19, 810 N.W.2d 677 (2012). The individual members and managers of a limited liability company are generally not liable for a debt, obligation, or liability of the company. *Id*.

The district court correctly determined that A&B could not be held liable because it was not named as a party to the action, nor was it properly served. In the caption of his amended claim, Akins named "Ahmed Al-Aboudy owner of A&B Auto Sales" as the defendant. He did not name A&B as a defendant. Further, the record indicates that when Akins initiated the action, he intended to sue Al-Aboudy personally rather than A&B. See *Capital One Bank v. Tafoya*, 31 Neb. App. 875, 991 N.W.2d 306 (2023) (objective evidence of plaintiff's intent at time lawsuit was initiated may be used to determine who plaintiff intended to sue). Akins specified as a "service instruction" in his original claim that the claim be served "only" on "the owner." In the body of his claim, Akins described a conversation he had with Al-Aboudy wherein he informed Al-Aboudy that he "would take [Al-Aboudy] to court if [Al-Aboudy] didn't refund [his] money" or pay for the cost of repairs. Akins alleged that Al-Aboudy responded, "take me to court." Akins' intent to sue Al-Aboudy personally is also reflected in his brief on appeal, where he focuses his sole assigned error on the district court's finding that Al-Aboudy could not be held personally liable.

Although there were some erroneous factual references in the district court's order, we nevertheless conclude that the district court correctly determined that A&B was not properly named as a party to the action, nor was summons served upon it. Accordingly, we agree with that portion of the district court's order which concluded that it was error for the small claims court to enter judgment against A&B.

As stated at the onset of our analysis, whether Al-Aboudy could be held personally liable is not at issue since the judgment entered by the small claims court was against only A&B, a legal entity that was not made a party to the underlying action. Without a valid judgment against A&B, the entity with whom Akins contracted, there can be no claim that the company's identity should be disregarded and personal liability imposed against Al-Aboudy. See *Thomas & Thomas Court Reporters v. Switzer*, 283 Neb. at 27-28, 810 N.W.2d at 685 (in action against limited liability company, to pierce "company veil" and impose liability on individual member or manager,

- 4 -

plaintiff has burden of proving company's identity should be disregarded to prevent fraud or injustice). See, also, *Christian v. Smith*, 276 Neb. 867, 759 N.W.2d 447 (2008) (only way corporation and president/sole stockholder of corporation could both be liable would be if corporation was found liable and corporate veil pierced to also make president/sole stockholder liable).

## CONCLUSION

For the reasons set forth above, we affirm the district court's order reversing the small claims court's order entering judgment against A&B and remanding the matter for further proceedings.

AFFIRMED.