IN THE NEBRASKA COURT OF APPEALS

**MEMORANDUM OPINION AND JUDGMENT ON APPEAL**
**(Memorandum Web Opinion)**


PERRY V. STREITTMATTER


NOTICE: THIS OPINION IS NOT DESIGNATED FOR PERMANENT PUBLICATION
AND MAY NOT BE CITED EXCEPT AS PROVIDED BY NEB. CT. R. APP. P. § 2-102(E).


DETRON L. PERRY, APPELLANT,

V.

JACOB L. STREITTMATTER, APPELLEE.


Filed December 26, 2023.    No. A-23-034.


Appeal from the District Court for Douglas County: KATIE L. BENSON, Judge. Affirmed.

DeTron L. Perry, pro se.

Mary M. Schott and Christopher J. Tjaden, of Evans & Dixon, L.L.C., for appellee.


RIEDMANN, ARTERBURN, and WELCH, Judges.

RIEDMANN, Judge.

## INTRODUCTION

Following a trial in the district court for Douglas County, a jury returned a verdict in favor of Jacob L. Streittmatter, finding that DeTron L. Perry failed to meet his burden of proof in his motor vehicle negligence action he filed against Streittmatter. On appeal, Perry challenges the district court's failure to (1) grant a directed verdict in his favor, (2) instruct the jury on expert witness testimony, (3) allow Perry to testify to certain damages, and (4) grant Perry's motion for new trial. We conclude the district court did not err in its rulings and therefore affirm the judgment in favor of Streittmatter.

## BACKGROUND

Through an amended complaint filed in August 2022, Perry alleged that Streittmatter negligently operated his motor vehicle, resulting in a collision with Perry in which Perry was seriously injured. Streittmatter admitted a collision occurred, but denied the allegations of

- 1 -

negligence and asserted that Perry's injuries, if any, were a result of his own negligence. Perry was represented by counsel at various stages throughout the proceedings, but prior to trial chose to represent himself.

In November 2022, Streittmatter filed a motion in limine to preclude claims of medical bills and lost wages at trial. Streittmatter asserted that although Perry provided the names of several treating physicians through discovery, he never identified anyone as an expert witness regarding medical bills, and that in response to a request for production, Perry stated that he was not pursuing lost wages as an item of damages. At a hearing on the motion, Perry confirmed he was pursuing a loss of earning capacity and not lost wages. The district court sustained the motion to preclude evidence of lost wages and reserved its ruling on the motion to preclude evidence regarding Perry's medical bills.

A jury trial was held from December 5-7, 2022, at the conclusion of which the jury found that Perry had failed to meet his burden of proof and returned a verdict for Streittmatter. At trial, Perry testified on his own behalf and presented the testimony of coworkers, a physical therapist, and Streittmatter. Streittmatter was the only witness for the defense. A summary of evidence relevant to Perry's assigned errors is as follows.

Perry testified that on May 1, 2019, he was traveling south on the North Freeway in Omaha, Nebraska, after work. Due to rush hour traffic, Perry was stopped in traffic when he suddenly heard a big boom, his body was thrown side to side, back and forth, and he hit his head on the steering wheel. Perry testified that prior to the collision there was about a car's length distance between his car and the one in front of him, but after the collision he was inches from that car. Perry stated that he had a bad headache, like a migraine, after the sudden impact to the rear of his car. He could not recall if he had a bruise on his forehead, but stated it was tender and painful. Perry testified that since the collision, he has had difficulties with attention, concentration, and memory.

Perry testified that after the impact, he immediately felt "scarring and acute pain in [his] neck, shoulder, lower back, and right leg." He stated that he and Streittmatter pulled over to the shoulder and Streittmatter got out of his car and asked permission to get inside Perry's vehicle. Perry stated Streittmatter was sweating, his face was nervous, and he was panicky with his movements. Perry testified that Streittmatter apologized and told Perry that he had wiped off his glasses and when he put them back on, he did not notice traffic had come to a complete stop. According to Perry, Streittmatter said he was a private detective for Douglas County and that they did not need to call the police.

Perry testified that he was transported to the emergency room, but clarified on cross-examination that he drove himself to the hospital. After X-rays were taken, Perry was discharged with muscle relaxers. He went to the hospital again on May 3, 2019, for complaints of head, neck, shoulder, and lower back pain. He was prescribed additional medication and told to see his primary physician. Perry was in another motor vehicle accident on May 6, and went to the hospital the next day for pain in his head, neck, shoulder, lower back, and leg. Perry testified that the accident of May 6 did not change his pain from the May 1 accident. Perry saw his primary physician on May 10.

Perry attempted to testify regarding medical expenses, but Streittmatter's foundational objections were sustained after a sidebar. During the sidebar, Perry informed the court that he had subpoenaed two physicians but that neither had appeared. The district court told Perry he could

use the lunch break to contact the doctors, could make an offer of proof, or have another qualified witness testify on the issue. But it ruled that Perry could not testify to the amount of medical bills because foundation had not been laid as to the fairness, reasonableness, or necessity of the expenses.

On cross-examination, Perry was confronted regarding his report to medical care providers that he was struck while traveling 45 miles per hour. He explained he did not recall making that statement but that he had hit his head extremely hard that day, so it was possible he had suffered a concussion. He confirmed, however, that he was not diagnosed with one.

Perry admitted that he had been in an accident in September 2017, brought a claim against that driver, and received compensation. He agreed that he had an active lawsuit against the owner of the property where the 2017 accident occurred. Perry confirmed that in the lawsuit, which was filed in August 2021, he claimed lost wages, permanent injury and disability, permanent impairment of his earning capacity, physical pain and mental suffering, total disability and incapacity, and lost enjoyment of life; he confirmed that all those claims were related to the September 2017 accident. Additionally, Perry conceded that he was involved in automobile accidents on May 6, 2019 (for which he brought a claim against the other driver and was compensated) and on May 1, 2021 (for which he received medical treatment but did not bring a claim because it was a single car collision).

Streittmatter testified that prior to the accident, traffic on the freeway was stop-and-go, and his speed was between 0 to 12 miles per hour; he believed Perry's speed at the time of the collision was between 8 to 12 miles per hour. He said that Perry merged into Streittmatter's lane from the right, and the front passenger side of Streittmatter's vehicle collided with the rear center of Perry's vehicle. Streittmatter described feeling a "jolt" at impact, similar to what one would feel in a bumper car at an amusement park. He stated he did not see any turn signal indicating that Perry intended to merge. Streittmatter denied removing his eyeglasses prior to impact.

When he got to where Perry had pulled over to the side of the road, Perry was outside his car and did not appear to have any noticeable limitations to his movement. He testified that Perry said he was fine and got back in the vehicle with no issues. Streittmatter testified that he walked around Perry's car to check for damage and saw a damaged license plate holder and a "scuff or a little bit of a crack in the rear bumper." He confirmed that photographs offered and received into evidence reflecting minimal damage to the front of his vehicle and the rear of Perry's vehicle accurately represented what he saw after the collision.

Streittmatter testified that Perry asked Streittmatter to get into his car, and that when Streittmatter was in the car it smelled strongly of marijuana. Streittmatter stated that Perry never asked him to call emergency services, and he did not recall telling Perry that he worked as a private detective or that because he held a private detective's license, it was unnecessary to call the police.

Perry's physical therapist testified that Perry had been seen by his office since June 2019, that Perry was treated for range of motion and strength issues, and that Perry stopped being a patient in April 2022. A stipulation between Perry and Streittmatter stated that Perry had been seeing a pain doctor since June 2022, and that he remained a patient of that doctor at the time of trial.

Streittmatter moved for a directed verdict, which was denied. After the jury returned a verdict in favor of Streittmatter, Perry filed a motion for a new trial, alleging a variety of errors by

the district court. While the motion alleged the verdict went against the weight of the evidence, Perry did not allege that the district court should have granted a directed verdict in his favor. The district court denied the motion. Perry appeals.

## ASSIGNMENTS OF ERROR

Perry assigns that the district court erred in (1) failing to direct a verdict on the issue of liability in his favor, (2) failing to instruct the jury on his expert witness testimony, (3) not allowing him to give testimony about his medical expenses and lost wages, and (4) failing to grant his motion for a new trial based on the failure to direct a verdict on the issue of liability.

## STANDARD OF REVIEW

In reviewing a trial court's ruling on a motion for directed verdict, an appellate court must treat the motion as an admission of the truth of all competent evidence submitted on behalf of the party against whom the motion is directed; such being the case, the party against whom the motion is directed is entitled to have every controverted fact resolved in its favor and to have the benefit of every inference which can reasonably be deduced from the evidence. *Bruce Lavalleur, P.C. v. Guarantee Group*, 314 Neb. 698, 992 N.W.2d 736 (2023).

Whether a jury instruction is correct is a matter of law. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018). When reviewing questions of law, an appellate court has an obligation to resolve the questions independently of the conclusion reached by the trial court. *Id*.

Where the Nebraska Evidence Rules commit the evidentiary question at issue to the discretion of the trial court, an appellate court reviews the admissibility of evidence for an abuse of discretion. *Capital One Bank v. Tafoya*, 31 Neb. App. 875, 991 N.W.2d 306 (2023). A trial court has the discretion to determine the relevancy and admissibility of evidence, and such determinations will not be disturbed on appeal unless they constitute an abuse of discretion. *Id*.

An appellate court reviews the denial of a motion for new trial for an abuse of discretion. *Anderson v. Babbe*, 304 Neb. 186, 933 N.W.2d 813 (2019).

## ANALYSIS

*Directed Verdict.*

Perry assigns that the district court erred in failing to direct a verdict for him on the issue of liability. We disagree. Before evidence is submitted to a jury, there is a preliminary question for the court to decide, *when properly raised*, not whether there is literally no evidence, but whether there is any upon which a jury can properly proceed to find a verdict for the party producing it and upon whom the burden is imposed. *Doe v. Zedek*, 255 Neb. 963, 587 N.W.2d 885 (1999) (emphasis supplied). However, Perry never requested the district court to direct a verdict in his favor; therefore, it was not properly raised in the district court and is not properly before us on appeal. An appellate court will not consider an issue on appeal that was not presented to or passed upon by the trial court. *Simons v. Simons*, 312 Neb. 136, 978 N.W.2d 121 (2022).

*Jury Instruction.*

Perry assigns that the district court erred in failing to instruct the jury on his expert witness testimony. Perry's proposed jury instructions did not include an instruction on expert witness

testimony. However, the district court's initial proposed jury instructions did include an expert witness instruction. At the formal jury instruction conference, the district court informed the parties that it had replaced the expert witness instruction and neither party objected. After the instructions were read to the jury, Perry asked if there had been a stipulation regarding the expert testimony instruction because it had not been given. The district court reminded Perry that it had substituted that instruction and that they could discuss it later. However, the issue was not raised again.

Setting aside whether Perry waived any objection by failing to object at the formal jury instruction conference or further raise the issue after having questioned its absence, any objection to the jury instructions would have been without merit. To establish reversible error from a court's failure to give a requested jury instruction, an appellant has the burden to show that (1) the tendered instruction is a correct statement of the law, (2) the tendered instruction was warranted by the evidence, and (3) the appellant was prejudiced by the court's failure to give the requested instruction. *de Vries v. L & L Custom Builders*, 310 Neb. 543, 968 N.W.2d 64 (2021). A litigant is entitled to have the jury instructed upon only those theories of the case which are presented by the pleadings and which are supported by competent evidence. *Rodriguez v. Surgical Assocs.*, 298 Neb. 573, 905 N.W.2d 247 (2018).

Here, there was no expert testimony presented, and thus the instruction was not warranted by the evidence. Although Perry argues that his former physical therapist was an expert, this witness provided only factual evidence. He testified to the dates Perry had been seen at his office and the type of treatment provided, but he did not testify as to causation. Accordingly, the district court did not err in failing to instruct the jury on expert witness testimony.

*Medical Expenses and Lost Wages.*

Perry assigns that the district court erred in failing to allow him to testify regarding his medical expenses and lost wages. Perry attempted to testify as to the medical expenses incurred, but Streittmatter's foundational objection was sustained because Perry could not lay proper foundation for the fairness, reasonableness, or necessity of the expenses. Expert testimony that medical expenses are fair, reasonable, and necessary is a foundational prerequisite to their receipt into evidence. See *Putnam v. Scherbring*, 297 Neb. 868, 902 N.W.2d 140 (2017). Because Perry did not lay the necessary foundation, the district court did not err in precluding Perry from testifying about them himself.

Perry also argues the district court erred in failing to allow him to testify regarding lost wages. At trial, Perry attempted to enter some of his tax returns and pay stubs into evidence, and Streittmatter objected based on the previous understanding that Perry was not seeking lost wages. The district court sustained the objection. Although Perry argues the district court erred in refusing to let him testify as to his lost wages, his amended complaint does not make a claim for lost wages; rather, it makes a claim for loss of earning capacity. Further, at a hearing on Streittmatter's motion in limine to preclude evidence regarding lost wages, Perry agreed that he was not seeking lost wages. In his brief on appeal, Perry argues that he never agreed to this and that he had objections to Streittmatter's motion in limine. However, the record from the hearing on the motion in limine contains Perry's affirmation that he was not seeking lost wages. The district court did not err in precluding Perry's testimony regarding lost wages.

*Motion for New Trial*.

Perry assigns that the district court erred in failing to grant his motion for new trial based on the failure to direct a verdict in his favor on the issue of liability. However, Perry's motion did not seek a new trial on this basis; therefore, the district court could not have erred in denying a new trial on this ground. A court cannot err with respect to a matter not submitted to it for disposition. *Sherman T. v. Karyn N.*, 286 Neb. 468, 837 N.W.2d 746 (2013).

Perry does not argue on appeal that the district court erred in failing to grant a new trial on any ground which he raised in his motion; thus, we need not further address his motion for new trial.

## CONCLUSION

Having reviewed Perry's assigned errors and the record, we find no error in the district court's rulings. We affirm the judgment in favor of Streittmatter on the jury verdict.

AFFIRMED.